CITY OF MILWAUKEE, Appellant, v. WISCONSIN EMPLOY-
MENT RELATIONS COMMISSION, Respondent. [Two
cases.]

*Nos. 296, 297. Argued June 3, 1969.—Decided July 3, 1969.*
(Also reported in 168 N. W. 2d 809.)

For the appellant there were briefs by *Foley, Sammond & Lardner,* attorneys, and *Herbert P. Wiedemann* of counsel, all of Milwaukee, and oral argument by *Mr. Wiedemann.*

For the respondent Wisconsin Employment Relations Commission the cause was argued by *William H. Wilker,*

assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

For the respondent Association of Municipal Attorneys of Milwaukee there was a brief and oral argument by *Herbert F. Sonnenberg* of Milwaukee.

HANLEY, J.  A single issue is presented on this appeal: and that is whether the attorneys employed by the Milwaukee city attorney's office are "municipal employes" within the meaning of sec. 111.70 (1) (b), Stats.

Sec. 111.70 (1) (b), Stats., provides:

> " 'Municipal employe' means any employe of a municipal employer except city and village policemen, sheriff's deputies, and county traffic officers."

Under sec. 111.70 (2), municipal employees are given the right to be represented by labor organizations of their own choice.

Literally read, the definition of "municipal employe" would extend the right to organize to all employees, except law enforcement officers. Obviously, this was not the intent of the legislature, and all of the parties to this appeal have recognized the problem that such a broad interpretation would create. No party is contending that the definition should be read literally. On the contrary, the city of Milwaukee argues that supervisory and managerial employees should be excluded from the definition, while the WERC argues that only supervisory employees should be excluded.

Before any discussion of the merits of the question presented here, we should first consider the scope of review in a case such as this and the standards applicable thereto.

Sec. 227.20 (1), Stats., provides that an administrative agency's decision may be reversed or modified by the circuit court:

". . . if the substantial rights of the appellant have been prejudiced as a result of the administrative findings, inferences, conclusions or decisions being:

". . .

"(b) In excess of the statutory authority or jurisdiction of the agency, or affected by other error of law."

This court has previously held that its scope of review is

". . . identical to that given to the circuit court by sec. 227.20, Stats." *Scharping v. Johnson* (1966), 32 Wis. 2d 383, 389, 145 N. W. 2d 691.

In *Pabst v. Department of Taxation* (1963), 19 Wis. 2d 313, 120 N. W. 2d 77, 5 A. L. R. 3d 594, this court pointed out that there are two methods of reviewing an administrative agency's application of a statute to certain facts. The first method is the analytical approach whereby the court decides which part of the agency's determination presents a question of fact and which part a question of law. The second method is the practical or policy approach which avoids allocating labels of "fact" or "law" to the agency's determinations. When the practical approach is used, judicial review is exhausted if there is found to be a rational basis for the conclusions approved by the administrative body.

"We believe that pars. (b) and (d) of sec. 227.20 (1), Stats., require Wisconsin courts to employ the analytical approach when reviewing agency decisions. Nevertheless, in fields in which an agency has particular competence or expertise, the courts should not substitute their judgment for the agency's application of a particular statute to the found facts if a rational basis exists in law for the agency's interpretation and it does not conflict with the statute's legislative history, prior decisions of this court, or constitutional prohibitions." *Pabst v. Department of Taxation, supra,* at pages 323 and 324.

There can be no doubt that the question presented in this case is one of "law." In decisions even more recent than the *Pabst Case,* this court has further discussed its

obligation in reviewing an administrative agency's interpretation of questions of law.

"The supreme court is not bound by an administrative agency's construction of a statute. . . ." *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 274, 163 N. W. 2d 625. *See also: Johnson v. Chemical Supply Co.* (1968), 38 Wis. 2d 194, 156 N. W. 2d 455.

However,

". . . the construction and interpretation of a statute adopted by the administrative agency charged with the duty of applying the law is entitled to great weight. . . ." *Cook v. Industrial Comm.* (1966), 31 Wis. 2d 232, 240, 142 N. W. 2d 827. *See also: National Amusement Co. v. Department of Revenue, supra; Chevrolet Division, General Motors Corporation v. Industrial Comm.* (1966), 31 Wis. 2d 481, 143 N. W. 2d 532.

This court does not independently redetermine every conclusion of law made by an administrative agency.

". . . If several rules, or several applications of a rule are equally consistent with the purpose of the statute, the court will accept the agency's formulation and application of the standard." *Milwaukee Transformer Co. v. Industrial Comm.* (1964), 22 Wis. 2d 502, 510, 126 N. W. 2d 6.

In applying the standards to this case, it should be noted that the application of the municipal employment law (sec. 111.70, Stats.) is one of the areas of the law requiring expertise. Therefore, the only determination this court should make is whether the WERC's interpretation of "municipal employe" is consistent with the purpose of sec. 111.70.

The broad definition of "municipal employe" found in sec. 111.70, Stats., certainly indicates a legislative desire to make collective bargaining units available for as many municipal employees as is consistent with sound municipal government. It is conceded by all the parties that

every employee of a city cannot belong to a labor organization. The city of Milwaukee properly points out that someone has to sit on the city's side of the bargaining table. For this reason, the WERC interprets "municipal employe" to exclude supervisory personnel. The city also points out that in a similar construction problem, the National Labor Relations Board interpreted the National Labor Relations Act to exclude both supervisory and managerial personnel.

Even conceding that the National Labor Relations Board has decided this same question to a different conclusion than the WERC, it is quite apparent that the WERC's determination is not inconsistent with the purposes of sec. 111.70, Stats. The city of Milwaukee does not even argue that it is. While we agree that the city's argument leads to a reasonable application of the statute, the WERC's determination is neither without reason nor inconsistent with the purposes of the statute. Since that is the ultimate test, the circuit court's decision affirming the determination of the WERC will be affirmed.

We conclude that the exclusion of John Kitzke by the WERC ruling is based on the fact of his assignment as a labor negotiator. Such exclusion should apply to all personnel assigned as labor negotiators.

*By the Court.*—Judgment affirmed.