CITY FIREFIGHTERS UNION, LOCAL No. 311, and others, Appellants, v. CITY OF MADISON, Defendant: MC-GRAW, Chief of Madison Fire Department, Respondent.*

*No. 184. Argued September 14, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 800.)

* Motion for rehearing denied, without costs, on December 1, 1970.

For the appellants there were briefs by *Lawton & Cates* and *John C. Carlson* and *Bruce F. Ehlke*, all of Madison, and oral argument by *Mr. Carlson* and *Mr. John A. Lawton*.

For the respondent there was a brief by *Jack R. De Witt*, attorney, and *Herro, McAndrews & Porter* of counsel, and oral argument by *Mr. DeWitt* and *Mr. Charles G. Center*, all of Madison.

A brief amicus curiae was filed by *Robert W. Warren*, attorney general, and *William H. Wilker*, assistant attorney general, for the Wisconsin Employment Relations Commission.

HANLEY, J. The sole issue presented on this appeal is—Does the circuit court have jurisdiction to determine whether or not the individual appellants are "municipal employes" within the meaning of sec. 111.70 (1) (b), Stats.?

The circuit court decided that it did have jurisdiction and in support of that decision it cited sec. 111.07 (1), Stats., which provides:

"Any controversy concerning unfair labor practices may be submitted to the board in the manner and with the effect provided in this subchapter, *but nothing herein shall prevent the pursuit of legal or equitable relief in courts of competent jurisdiction.*" (Emphasis supplied.)

The court then noted that:

"Admittedly the above quotation applies to the 'Employment Peace Act.' Nonetheless, we feel that it depicts a clear legislative intendment that the courts, as well as the WERC, have jurisdiction over the issue of representation in collective bargaining units."

The court also cited art. VII, sec. 8 of the Wisconsin Constitution which describes the circuit court's jurisdiction as follows:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, *and not hereafter prohibited by law. . . .*" (Emphasis supplied.)

With reference to the italicized words above, the court then examined sec. 111.70, Stats., which deals with municipal employees and concluded that:

". . . there is nothing in sec. 111.70 which prohibits the circuit court from exercising jurisdiction under that subchapter. . . ."

The appellants, on the contrary, contend there is something in sec. 111.70, Stats., which, at least by implication, would prohibit the circuit court from exercising jurisdiction over the subject matter. Appellants, using the words of the trial court, contend that the status of the named appellants is an "issue of representation in collective bargaining units." They then cite sec. 111.70 (4) (d), Stats., for the proposition that the legislature intended the WERC to have exclusive jurisdiction over "representation" disputes.

Sec. 111.70 (4) (d), Stats., provides as follows:

"(d) *Collective bargaining units.* Whenever a question arises between a municipal employer and a labor union as to whether the union represents the employes of the employer, either the union or the municipality may petition the board to conduct an election among said employes to determine whether they desire to be represented by a labor organization. Proceedings in representation cases shall be in accordance with ss. 111.02 (6) and 111.05 insofar as applicable, except that where the board finds that a proposed unit includes a craft the board shall exclude such craft from the unit. The board shall not order an election among employes in a craft unit except on separate petition initiating representation proceedings in such craft unit."

Appellants go on to argue that the word "court" appears nowhere in the above-quoted section, that the section continually refers to the "board" (meaning the WERC) and that the circuit court has no machinery

available for it to conduct and supervise an election. Therefore, appellants argue, the legislature must have intended such matters to be handled by the WERC.

This argument by appellants merely confuses the issue on appeal. If the issue were one of representation in collective bargaining, then an election might be necessary and sec. 111.70 (4) (d), Stats., would be relevant. But that question is not part of this case. The firefighters have already selected Local No. 311 as their bargaining representative, and they have elected the individual appellants to office in the local. The substantive issue in this case is whether the named appellants may properly hold the offices to which they have been elected.

As previously noted, the procedural issue on this appeal is whether the circuit court has subject matter jurisdiction to decide the substantive issue.

Notwithstanding the irrelevance of sec. 111.70 (4) (d), Stats., it may well be, as the circuit court noted, that "primary jurisdiction lies with WERC, but that fact does not strip the circuit court of jurisdiction." This seemingly anomalous result was well explained in *Wisconsin Collectors Asso. v. Thorp Finance Corp.* (1966), 32 Wis. 2d 36, 41, 145 N. W. 2d 33. In *Thorp, supra,* the court stated the issue this way:

". . . We must decide whether a circuit court is jurisdictionally competent to hear and determine issues which could have been presented to an administrative agency. . . ."

The issue at bar is precisely the same as that stated in *Thorp, supra.*

Appellants strenuously assert that the issue is not the same. They argue that they did not have a choice of forums between WERC and the circuit court. They argue that the Chief's acts constitute a breach of contract and that nowhere in sec. 111.70, Stats., is WERC given authority to hear a breach of contract action.

This is true, but the very same acts, if proven, would also have served as a basis of "prohibited practice"

action which WERC is clearly empowered to hear. Thus, appellants did have a choice of forums, depending upon what label they selected for their action. In *Thorp, supra,* the issue was whether certain business practices of Thorp amounted to engaging in the business of collection, when Thorp was not licensed to be in that business. The plaintiffs in *Thorp* brought their suit in circuit court and, after five days of testimony, Thorp moved to dismiss on the grounds that the court had no jurisdiction because the commissioner of banks had primary jurisdiction over the subject matter which had not yet been exercised. The court granted the motion and sent the case to the commissioner of banks for administrative action.

We note on this appeal that the trial court suggested that the entire matter be remanded to the WERC by stipulation of the parties, and the appellants declined.

In *Thorp, supra,* the supreme court reversed the trial court's decision which had held that the commissioner of banks had primary jurisdiction. In discussing primary jurisdiction, the court stated at page 44:

"The purpose of the primary-jurisdiction rule is to promote proper relationships between the courts and administrative agencies, and we believe that such purpose can be fully accomplished without also depriving the courts of subject-matter jurisdiction.

"We fully recognize that administrative agencies are designed to provide uniformity and consistency in the fields of their specialized knowledge. The expertise that comes with experience and also the fact-finding facility that comes with a more flexible procedure enable the agencies to perform a valuable public function. When an issue arises which fits squarely within the very area for which the agency was created, it would be logical to require prior administrative recourse before a court entertains jurisdiction. Cf. *State ex rel. City Bank & Trust Co. v. Marshall & Ilsley Bank* (1958), 4 Wis. (2d) 315, 90 N. W. (2d) 556.

"*Nonetheless, we believe it improper to couch such priority in terms of power or jurisdiction. The standard,*

*in our opinion, should not be power but comity. . . ."*
(Emphasis supplied.)

The supreme court then went on to set forth those factors which a trial court should consider in deciding whether or not to exercise primary jurisdiction.

". . . If the issue presented to the court involves exclusively factual issues within the peculiar expertise of the commission, the obviously better course would be to decline jurisdiction and to refer the matter to the agency. *On the other hand, if statutory interpretation or issues of law are significant, the court may properly choose in its discretion to entertain the proceedings.* The trial court should exercise its discretion with an understanding that the legislature has created the agency in order to afford a systematic method of fact-finding and policy-making and that the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention." *Wisconsin Collectors Asso. v. Thorp Finance Corp., supra,* at page 45. (Emphasis supplied.)

The case at bar involves both factual issues and an issue of statutory construction. As to construction, the circuit court must decide whether the named appellants are entitled to union office and membership under sec. 111.70 (2), Stats., or whether they are supervisory or confidential employees and because of the nature of their duties excluded from union membership. *Milwaukee v. Wisconsin Employment Relations Comm.* (1969), 43 Wis. 2d 596, 168 N. W. 2d 809. (See memorandum opinion on page 271.)

The criteria which the WERC uses for deciding whether supervisory and/or confidential capacity exists are as follows:

(1) The authority to effectively recommend the hiring, promotion, transfer, discipline or discharge of employees;

(2) The authority to direct and assign the work force;

(3) The number of employees supervised, and the number of other persons exercising greater, similar or lesser authority over the same employees;

(4) The level of pay, including an evaluation of whether the supervisor is paid for his skill or for his supervision of employees;

(5) Whether the supervisor is primarily supervising an activity or is primarily supervising employees;

(6) Whether the supervisor is a working supervisor or whether he spends a substantial majority of his time supervising employees; and

(7) The amount of independent judgment and discretion exercised in the supervision of employees.

The above factors to be considered in determining whether an employee is a supervisor were set forth in *Association of Graduate and Registered Engineers of Milwaukee* (1964), WERB Decision No. 6960. *See also: District Council 48, American Federation of State, County, and Municipal Employes, AFL-CIO* (1967), WERB Decision No. 6219–D; and *Wisconsin Nurses Asso., Inc.* (1967), WERB Decision No. 8330.

With respect to confidential employees, *see: Local 1280, Winnebago County Hospital and Pleasant Acres Home Employes Union* (1962), WERB Decision No. 6043; *Eau Claire County Highway Department Employees, Local 254, AFSCME, AFL-CIO* (1962), WERB Decision No. 6145; *Wisconsin Council of County and Municipal Employees, AFSCME, AFL-CIO* (1968), WERB Decision No. 8390; and *Chippewa County Employees, Local 736, AFSCME, AFL-CIO* (1968), WERB Decision No. 8727.

We see no compelling reason why the circuit court should not apply the above criteria to the facts at bar.

We conclude that the trial court's decision to exercise primary jurisdiction was proper and correct.

*By the Court.*—Order affirmed.

The following memorandum was filed December 1, 1970.

PER CURIAM (*on motion for rehearing*). The thirteenth paragraph from the end of the opinion has been

modified by striking the last clause of the second sentence. The paragraph is to read as follows:

The case at bar involves both factual issues and an issue of statutory construction. As to construction, the circuit court must decide whether the named appellants are entitled to union office and membership under sec. 111.70 (2), Stats., or whether they are supervisory or confidential employees. *Milwaukee v. Wisconsin Employment Relations Comm.* (1969), 43 Wis. 2d 596, 168 N. W. 2d 809.