LA CROSSE COUNTY INSTITUTION EMPLOYEES LOCAL 227, AFSCME, AFL-CIO, Appellant, v. WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent.

*No. 184. Argued September 13, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 204.)

For the appellant there was a brief by *Lawton & Cates,* and *John C. Carlson* and *Bruce M. Davey,* all of Madison, and oral argument by *Mr. Davey.*

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *David J. Hanson* and *Michael E. Perino,* assistant attorneys general.

HEFFERNAN, J. Subchapter IV of ch. 111, Stats., defines the right of municipal employees to organize and to join labor organizations. The rights of municipal em-

ployees are defined in sec. 111.70 (2). That subsection provides:

"Municipal employes shall have the right of self-organization, to affiliate with labor organizations of their own choosing and the right to be represented by labor organizations of their own choice in conferences and negotiations with their municipal employers or their representatives on questions of wages, hours and conditions of employment, and such employes shall have the right to refrain from any and all such activities."

The appellant union takes the position that the preceding subsection grants the right of a municipal employees organization to engage in collective bargaining with the municipal employer. On the basis of this premise, the union contends that the unilateral action of the employer herein was a prohibited practice as set forth in sec. 111.70 (3) (a) 1. That portion of the statute provides:

"(3) PROHIBITED PRACTICES. (a) Municipal employers, their officers and agents are prohibited from:
"1. Interfering with, restraining or coercing any municipal employe in the exercise of the rights provided in sub. (2)."

In addition to the allegedly prohibited practice as set forth above, the union relies on (3) (a) 2:

"Encouraging or discouraging membership in any labor organization . . . by discrimination in regard to hiring, tenure or other terms or conditions of employment."

The alleged factual basis for the latter contention appears to be that the county board's action in discontinuing the free meals was motivated by anti-union animus and with the foreknowledge that the withdrawal of the free meal benefits shortly after the date of certification would discourage continued membership in the union. The union points out that, following the with-

drawal of the free meal privileges, the dues paying membership of the union dropped from 22 to 15.

The union's first contention is dependent upon the validity of its assertion that, under the act, the employer had a duty to bargain. This legal proposition was resolved in *Joint School Dist. No. 8 v. Wisconsin Employment Relations Board* (1967), 37 Wis. 2d 483, 155 N. W. 2d 78. The question was carefully considered therein and, after an exhaustive analysis of the statute and its comparison with the Wisconsin Employment Peace Act and the State Employment Labor Relations Act, which do confer the right to bargain collectively, this court found that such a right was not conferred by the Municipal Employes Act. We said therein:

"Because of these differences in language, we do not think the legislature intended in sec. 111.70, Stats., that a school board should be under a duty to collectively bargain." (P. 489)

The appellant herein argues that, despite this plain language in *Joint School Dist. No. 8,* the subsequent cases of *Board of School Directors of Milwaukee v. WERC* (1969), 42 Wis. 2d 637, 168 N. W. 2d 92, and *City Firefighters Union v. Madison* (1970), 48 Wis. 2d 262, 179 N. W. 2d 800, cast doubt upon the earlier holding. We do not agree. The essence of the *Board of School Directors Case* was merely that, if a municipality sees fit to bargain, it must do so with the certified representative of the employees and cannot negotiate with a minority union. The *City Firefighters Case* was concerned with the question of primary jurisdiction, and the holding went only so far as to determine that the circuit court was jurisdictionally competent to hear and determine issues which could have been presented to the WERC. We cannot glean from the dicta upon which appellant relies that the *City Firefighters Case* intended in any way to retreat from the interpretation of this court in *Joint School Dist. No. 8.*

We therefore conclude that the unilateral action by the county, though constituting a refusal to bargain, did not infringe upon a statutorily conferred right of the municipal employees. That right was not granted. The right to bargain collectively and the correlative duty upon the employer is not to be found in sec. 111.70, Stats. The unilateral action of the county could not constitute a prohibited practice. The legislature, by design or inadvertence, failed to grant to municipal employees the same rights of collective bargaining conferred on employees of other employers.

The union also claims, aside from the duty to bargain, that the conduct of the county constituted a prohibited practice under sec. 111.70 (3) (a) 1, Stats., in that it chilled the right of municipal employees in their right of self-organization. The record, however, is totally bereft of evidence that would factually sustain this contention. There is nothing to show that there was any interference whatsoever by the employer with the efforts of the union to organize and to secure certification. As far as is ascertainable from the record, the organization and certification of the union took place under legally antiseptic laboratory conditions.

Basing a further contention on sec. 111.70 (3) (a) 2, Stats., the union argues that the refusal to bargain was a prohibited practice that discouraged membership in the labor organization after the date of certification. Initially it should be pointed out that the analogous cases upon which the appellant relies depend in the main upon the duty to bargain under the National Labor Relations Act. The single case, *May Stores Co. v. Labor Board* (1945), 326 U. S. 376, 66 Sup. Ct. 203, 90 L. Ed. 145, which the union contends establishes a prohibited practice independent of the right to bargain, is however inextricably intertwined with the statutorily assured right to collective bargaining under the federal act.

That decision, although having some persuasive merit, does not establish the point asserted. Basically, however, the question may be resolved by resort to the findings of fact which were approved by the WERC. Unless it is apparent that these findings were not supported by substantial evidence in view of the entire record, this court is bound to adhere to them. Both of the parties on this appeal agree that, to constitute a violation of sec. 111.70 (3) (a) 2, there must be a showing that the conduct was motivated by a desire to undermine the union. The union had the burden of proof to show "by a clear and satisfactory preponderance of the evidence" (sec. 111.07 (3)) that the county was motivated at least in part by anti-union animus. Although the record contains evidence that would show that the county board's conduct in fact tended to undermine union strength, there was nothing to show that the county board's action was impelled by a desire or motive to accomplish that result. The county board gave as its reason for ordering the discontinuance of the free meals that the prior action of the Oak Forest trustees was without legal authority. The appellant does not contend that the county board's conclusion was without legal foundation.

We are obliged therefore to conclude, even assuming *arguendo* that the prohibited practice could arise in the absence of a statutory duty to bargain collectively, that the union has failed to assume its burden to prove the necessary facts. There was substantial evidence in the record as a whole to support the findings made by the Wisconsin Employment Relations Commission.

*By the Court.*—Judgment affirmed.

WILKIE, J. (*concurring*). The interpretation given four years ago to sec. 111.70, Stats., in *Joint School Dist. No. 8 v. Wisconsin Employment Relations Board* [1] must

---

[1] (1967), 37 Wis. 2d 483, 489, 155 N. W. 2d 78.

now be considered part of the statute,[2] and the matter must now be left to the legislature.

Legislation should be adopted to assure municipal employees the same basic right to collective bargaining as is extended to union members employed by the private sector. Fair labor relations in the field of municipal employment require that the municipal employer have the duty to bargain collectively with the majority union.

I am authorized to state that Mr. Chief Justice HALLOWS joins in this concurring opinion.

---

[2] *Sun Prairie v. Public Service Comm.* (1967), 37 Wis. 2d 96, 100, 154 N. W. 2d 360 and cases cited at note 5.