SCHWARTZ, widow, and others, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, and others, Respondents.

No. 751 (1974). Argued March 2, 1976.—Decided April 7, 1976.
(Also reported in 240 N. W. 2d 173.)

For the appellants there was a brief by *Michael L. Wagner* of Fond du Lac, and oral argument by *G. L. MacKenzie* of Oshkosh.

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. The facts are not in dispute. Robert L. Schwartz, the deceased, was employed by J. F. Ahern Company. In the course of his employment, he sustained a fatal compensable injury. He was survived by his wife and four minor children.

The employer conceded that circumstances surrounding the death included its violation of a lawful order issued by the Department of Industry, Labor & Human Relations (hereinafter department). Therefore, the employer was liable for payment of increased benefits under the provisions of sec. 102.57, Stats.:

". . . Where injury is caused by the failure of the employer to comply with any statute or any lawful order of the department, compensation and death benefits as provided in this chapter shall be increased 15% but not more than a total increase of $7,500. Failure of an employer reasonably to enforce compliance by employes with such statute or order of the department shall constitute failure by the employer to comply with such statute or order."

The widow thereby became eligible for a 15 percent increase in the benefits payable to her under sec. 102.46.

Sec. 102.49, Stats., creates a state fund for payment of death benefits to dependent children of a person who

receives benefits under sec. 102.46. The four minor children of the deceased became entitled to payments from that fund. The department determined benefits payable to dependent children from the state fund are not subject to the increased percentage provided in sec. 102.57.

The dispositive issue of this appeal is:

When an employee's death results from violation of a lawful order of the department, does sec. 102.57, Stats., require the employer to pay 15 percent increased death benefits upon sums the department ordered paid by the state treasurer from the state fund for dependent children as established by sec. 102.49?

Section 102.57, Stats., in part, provides: ". . . compensation and death benefits as provided in this chapter shall be increased 15%. . . ."

Section 102.01, Stats., sets forth statutory definitions of various terms and phrases used in the Workmen's Compensation Act. Section 102.01 (2) (c) recites the following definition:

"(c) 'Primary compensation and death benefit' means compensation or indemnity for disability or death benefit, *other than increased,* double or treble compensation or death benefit." (Emphasis added.) [1]

Under the provisions of sec. 102.57, Stats., the additional 15 percent payment required for failure to comply with any statute or lawful order of the department is specifically identified as an increased death benefit. Section 102.62 places the primary responsibility for the payment of this increased death benefit upon the employer. The insurer's liability for payment of the increased death benefit is secondary.

---

[1] Sec. 102.60, Stats., provides for double or treble compensation and death benefits for the illegal employment of minors under circumstances therein described.

The state fund to provide additional death benefits to dependents of deceased employees was created by ch. 328, Laws of 1923, then sec. 102.09 (4m), Stats., now sec. 102.49. The employer is not a party to proceedings before the department to determine eligibility for benefits from this fund. In addition to children under sixteen years of age born of the marriage to the decedent, the department may determine others are entitled to certain death benefits. The department shall make an allowance for children over sixteen years of age who are physically and mentally handicapped not greater than a certain amount but in such amount "as the equities and the necessities of the case merit. . . ." The department is also required to make a determination whether a child not his by birth or adoption was living with him as a member of the family at the time of injury, in which case such child shall be entitled to the benefits provided by the state fund. The department is also required to make certain determinations in regard to children of a prior marriage of the injured employee.

The amount the employer pays to the state treasury is specifically established by sec. 102.49 (5), Stats. It has no relation to the number of dependent children of the deceased employee. It provides for a larger payment in the event the deceased employee leaves no person dependent on him for support. It further provides a formula whereby, if there is a certain balance in the fund, an employer shall not be required to make a payment into the fund.

The foregoing facts become important in determining whether the agency interpretation of the statute is reasonable. In *B. F. Sturtevant Co. v. Industrial Comm.* (1925), 186 Wis. 10, 202 N. W. 324, this court was called upon to pass upon the constitutionality of the statute creating the state fund to provide the additional benefits for children. In declaring the statute constitutional, this court stated, page 15:

". . . [The statute] . . . is intended to carry out a wise public policy of spreading the risk or loss in certain cases so as not to bear too heavily upon the individual employer affected, and to prevent discrimination in the employment of certain classes. It recognizes that in the case of the death of an employee with a large family of small children, the compensation, in order to be adequate and equitable, must be much larger than in cases of dependency where only one person was dependent upon the deceased for support. It also recognizes that to assess larger compensation against the particular employer in such cases results in undue hardship on the employer, and very naturally might tend to induce employers to employ single men or men with small families, to the prejudice of those with larger families. . . ."

This particular statute has been in existence for over 50 years. During that period of time the department has been consistent in its application of the statute. It cannot be said that the construction placed upon the statute by the department has been in error as a matter of law. The interpretation of the statute by the department is reasonable, rational and related to the purposes of those sections. This court is not bound by an administrative agency's construction of a statute. *Johnson v. Chemical Supply Co.* (1968), 38 Wis. 2d 194, 202, 156 N. W. 2d 455. However, it is a well-established principle of statutory construction that the construction and interpretation of a statute adopted by an administrative agency charged with the duty of applying the law is entitled to great weight. *Milwaukee v. Wis. Employment Relations Comm.* (1969), 43 Wis. 2d 596, 601, 168 N. W. 2d 809; *Mednis v. Industrial Comm.* (1965), 27 Wis. 2d 439, 444, 134 N. W. 2d 416. This principle is particularly applicable when the agency has been consistent in its construction of the statute for over 50 years.

If the positions advanced by the appellants were to be accepted, we believe it would lead to unintended and unreasonable results. The appellants urge that the em-

ployer who failed to comply with a statute or lawful order of the department should be liable for a 15 percent increase on payments to dependent children by the state from the state fund. Section 102.49, Stats. Such an interpretation of the statutes suggests that the employer would also be liable for a 15 percent increase on incidental compensation as defined by sec. 102.42 and which includes medical and surgical expenses and other expenses therein defined. It also seems to follow from appellants' statutory interpretation that the additional death benefits for children from the state fund would have to be subject to a 15 percent decrease in the event it were determined the injured employee failed to comply with sec. 102.58, *Decreased compensation.*

We conclude that the interpretation of the statutes urged by the appellants would lead to an unintended and unreasonable result. The statutes are to be construed to avoid an unreasonable or absurd result. *Volunteers of America v. Industrial Comm.* (1966), 30 Wis. 2d 607, 616, 617, 141 N. W. 2d 890.

In reaching our decision in this case, we have considered all of the arguments and authorities submitted by the appellants.

It is our opinion that the construction and interpretation of sec. 102.57, Stats., by the department is reasonable and rational and related to the purposes of the statute. The judgment of the trial court is affirmed.

*By the Court.*—Judgment affirmed.