MARJORIE LUNDQUIST, Chairperson Board of Nursing
The Board of Nursing has requested my opinion on whether it has authority to establish minimum standards for college programs which offer the degree of Bachelor of Science in Nursing (BSN) to persons who already are registered nurses. The authority of the Board to establish minimum standards for BSN programs for unlicensed or uncertified persons is not at issue and is beyond question.
The facts as stated in the letter of request are:
 The State of Wisconsin Board of Nursing was created in 1949 as the agent of State government authorized to interpret and to enforce the nurse practice act of this state. Since the time of its creation, the Board has interpreted its authority relative to "establishing minimum standards for schools for nurses and schools for trained practical nurses licensed under this chapter" to mean it holds legal authority over schools of nursing preparing persons for entry into the profession/vocation by licensure; *Page 408 
the distinction here is that of the Board's authority over preservice schools vs. schools and programs in nursing for persons already licensed.
. . . .
 The State of Wisconsin Board of Nursing consequently respectfully requests your opinion as to whether . . . the Board's authority, extend(s) to [an academic program for persons already certified as registered nurses].
The question arises at this time because a new BSN program will be offered, which for its first several years of operation will admit only persons already certified or licensed. The BSN program described in your request is like that which exists at the University of Wisconsin-Madison and at other university system campuses in the state. In these programs a registered nurse entering the program after certification is graduated with a baccalaureate degree upon the satisfactory completion of nursing-related curriculum as set forth by the Board in Wis. Adm. Code section N 2.04. The BSN candidate is also required to complete nonnursing related course work which is specified by the appropriate academic authority. This same curriculum is available to baccalaureate candidates who have no previous licensure or certification.
I am advised that baccalaureate programs offered in the university system, as they pertain to the nursing-related curriculum, are now accredited and have been for many years. In other words the Board has in the past exercised its accreditation authority over baccalaureate programs whether candidates enter the program before or after certification or licensure. The specific question raised is novel only because the proposed BSN program will for a time be offered exclusively to candidates who are certified or licensed.
Section 441.01 (3), Stats., provides
 The board may establish minimum standards for schools for nurses and schools for trained practical nurses licensed under this chapter, including all related clinical units and facilities, and make and provide periodic surveys and consultations to such schools. It may also establish rules to prevent unauthorized persons from practicing professional nursing. It shall approve *Page 409 
all rules for the administration of this chapter in accordance with ch. 227.
In the first sentence of the quoted material the statute premises the Board's authority on the kind of degree which a candidate is expected to receive upon successful completion of the related statewide examination. In the second sentence it is clear that the exercise of the authority is directed towards the school, and by extension its curriculum, not the licensure status of the incoming candidates. This latter factor is not, therefore, a required consideration under the statute. Thus, while it may be argued that a nurse who is certified and thereafter enters the BSN program in question has met the minimum standards in another curriculum that circumstance does not affect the Board's authority to examine the program itself.
To the extent that there is any ambiguity in sec. 441.01 (3), Stats., regarding accreditation of baccalaureate programs, the Board's interpretation and past implementation is a factor of considerable importance in determining how the statute should be read. Where some ambiguity exists in a statute, the past practical construction over an extensive period by an officer or administrative agency charged with its administration is to be accorded great weight in determining the meaning of the statute.State ex rel. Boulton v. Zimmerman, 25 Wis.2d 457,130 N.W.2d 753 (1964). Thus, the Board's past accreditation practices for baccalaureate programs is due great deference in delineating its authority for accreditation of a new baccalaureate program. It should also be noted that the Board's past practice of exercising accreditation authority over any curriculum which is intended to culminate in a BSN also promotes uniformity, at least among all candidates in baccalaureate programs.
Therefore, since it appears that the Board's interpretation of sec. 441.01 (3), Stats., with regard to baccalaureate programs is reasonable, rational and related to the purpose of that section, I am of the opinion that such a construction would be upheld by a reviewing court. Schwartz v. ILHR Department, 72 Wis.2d 217,221, 240 N.W.2d 173 (1976); De Leeuw v. ILHR Department,71 Wis.2d 446, 449, 238 N.W.2d 706 (1976).
Section 441.12, Stats., as recently amended by ch. 34, Laws of 1979, provides some further guidance: *Page 410 
 (1) The board shall enforce this chapter and cause the prosecution of persons violating it.
 (2) No person shall operate in this state a school for professional nurses or a school for practical nurses unless the same shall be accredited by the board.
Although the legislative history of ch. 441, Stats., sheds no light on the precise intent, it is my opinion that the language of the statute demonstrates that the Legislature authorized the accreditation process as a means to establish reasonably uniform standards for the education of registered nurses and trained practical nurses. In other words, the Legislature wanted to ensure that persons who seek employment as registered nurses or trained practical nurses fulfill basic requirements in certain areas of human knowledge that are relevant to the nursing profession. Section 441.01 (3), Stats., explicitly uses the language "minimum standards for schools for nurses." This statutory language is interpreted and amplified by Wis. Adm. Code section N 1.03 (1)(b), promulgated by the Board of Nursing under the authority of ch. 441, Stats. This rule states specifically that the purpose of accreditation is: "1. To insure the safe practice of nursing by setting minimum standards which prepare the practitioner," and "5. To insure graduates of accredited schools of their eligibility for admission to the state board examination and to facilitate their licensure without examination in other states." Hence, the ultimate licensure or certification of the candidate is but one goal of accreditation.
An institution which grants a BSN degree and chooses to accept only candidates who are certified to practice nursing is still required to meet the goal of presenting a curriculum which promotes the safe practice of nursing. Therefore, because such an institution enrolls only those already certified or licensed, that self-imposed condition is irrelevant to the Board's authority to accredit the program itself.
In conclusion, I am of the opinion that the Board has the authority to establish minimum standards for a new baccalaureate program which involves the further education of persons already certified or licensed to practice as nurses.
BCL:RMR *Page 411