MILWAUKEE DISTRICT COUNCIL 48, American Federation of State, County & Municipal Employees, AFL-CIO, Plaintiff-Respondent,

v.

MILWAUKEE SEWERAGE COMMISSION, Defendant-Appellant.

Court of Appeals

*No. 81–751. Submitted on briefs January 13, 1982.—*
*Decided April 16, 1982.*
(Also reported in 321 N.W.2d 309.)

For the defendant-appellant the cause was submitted on the briefs of *James B. Brennan,* city attorney, and *Grant F. Langley,* assistant city attorney.

For the plaintiff-respondent the cause was submitted on the brief of *Podell, Ugent & Cross, S.C.,* by *Nola J. Hitchcock Cross* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Randa, J.

DECKER, C.J.   This appeal raises the questions of whether a grievance arbitration award rendered pursuant to the Wisconsin Municipal Employment Relations Act can be enforced pursuant to the Wisconsin Arbitration Act, and whether the arbitrator in this case exceeded his authority. We conclude that the award could be confirmed pursuant to the Arbitration Act, and that the arbitrator did not exceed his authority, and affirm.

The Milwaukee Sewerage Commission (Sewerage Commission) and Milwaukee District Council 48, Local 366, AFSCME, AFL–CIO (Union) were parties to a labor agreement when a dispute arose in 1976. The labor agreement provided that salary and hiring for any new positions within the Union's bargaining unit was subject to negotiation between the parties. The Sewerage Commission unilaterally created and filled a position entitled "confidential aide" in November of 1976.

The Union contended that the position was not in fact a confidential position and was included in the Union's bargaining unit. The labor agreement provided a grievance procedure culminating in arbitration, and on January 12, 1977, the Union filed a written grievance with the Sewerage Commission. The Sewerage Commission filed a petition with the Wisconsin Employment Relations Commission (WERC) for bargaining unit clarification. After all other grievance steps failed to resolve the dispute, on February 9, 1977, the Union requested the WERC to appoint an arbitrator. The Sewerage Commission concurred in the request and withdrew its petition for unit clarification. The WERC appointed an arbitrator on February 15, 1977.

An arbitration hearing was conducted on February 17, 1978. The arbitrator noted that arbitration was conducted in accordance with both the binding arbitration provisions of the labor agreement between the parties, and an agreement entered into during negotiations for a successor labor agreement. The parties stipulated that the arbitrator was to decide:

Was the position of "Confidential Aide" (Created on November 1, 1976 and filled on November 15, 1976) a position within the existing Local 366 Bargaining Unit? If so, did the Commission violate the agreement by the manner in which it selected an individual to fill said position on November 15, 1976? If the first two questions are so, what shall the remedy be?

In an award dated June 29, 1978, the arbitrator determined that the position was within the Union's bargaining unit because its duties did not involve the handling of any confidential labor relations information, and that the Sewerage Commission had violated the collective bargaining agreement by filling the position without resort to the posting and hiring provisions of the agreement. Because the arbitrator believed that the Sewerage Commission

had acted in good faith, however, he awarded prospective relief only, requiring from the date of the award inclusion of the position in the Union's bargaining unit, deduction of fair share amounts, and entitlement of the position to Union benefits.

The Sewerage Commission failed to implement the award, and on January 9, 1979, the Union brought a motion in the trial court for confirmation of the award pursuant to ch. 298, Stats. (1977) (ren. ch. 788, Stats.),[1] the Wisconsin Arbitration Act. The trial court confirmed the award, and the Sewerage Commission appeals, raising two issues:

(1) The trial court was without subject matter jurisdiction to confirm the award pursuant to ch. 298, Stats; and

(2) The arbitrator exceeded his authority because he was without jurisdiction to determine whether the confidential aide position was includable in the Union's bargaining unit.

## SUBJECT MATTER JURISDICTION

The Sewerage Commission argues that the trial court was without subject matter jurisdiction to confirm the arbitrator's award pursuant to ch. 298, Stats., because that chapter does not apply to contracts to arbitrate between municipal employers and employes.

Section 298.01, Stats., provides:

Arbitration clauses in contracts enforceable. A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or out

---

[1] Chapter 298, Stats., was renumbered to ch. 788 by sec. 64, ch. 32, Laws of 1979. Section 111.70(4)(cm), along with secs. 111.70 (3)(a)7 of the Municipal Employment Relations Act, referred to in the next section of the opinion, became void after October 31, 1981, except as to proceedings pending on that date. Sec. 17, ch. 178, Laws of 1977,

of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, that the provisions of this chapter shall not apply to contracts between employers and employes, or between employers and associations of employes, except as provided in section 111.10 of the statutes.

Section 111.10, Stats., provides:

Arbitration.   Parties to a labor dispute may agree in writing to have the commission act or name arbitrators in all or any part of such dispute, and thereupon the commission shall have the power so to act. The commission shall appoint as arbitrators only competent, impartial and disinterested persons. Proceedings in any such arbitration shall be as provided in ch. 298.

The Sewerage Commission does not dispute that arbitration in this case proceeded in accordance with sec. 111.10, Stats. Nonetheless, it argues that sec. 111.10 is not applicable to arbitration between municipal employers and employes, because sec. 111.02(2) excludes municipal employers from operation of the Employment Peace Act, secs. 111.01 to 111.19, of which sec. 111.10 is a part. Section 111.02(2) provides:

The term "employer" means a person who engages the services of an employe, and includes any person acting on behalf of an employer within the scope of his authority, express or implied, but shall not include the state or any political subdivision thereof, or any labor organization or anyone acting in behalf of such organization other than when it is acting as an employer in fact.

This argument is based on *State ex rel. Teaching Assistants Association v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 504-05, 292 N.W.2d 657, 663 (Ct. App. 1980):

Section 298.09, Stats., provides that any party to an arbitration may apply to the court for an order confirming the award within one year after it is made. However, sec. 298.01 provides that ch. 298 "shall not apply to contracts . . . between employers and associations of employes, except as provided in section 111.10." Section 111.10, Stats., is a part of the Employment Peace Act which provides for the arbitration of collective bargaining disputes between employers and employees in the private sector only. [Footnotes omitted.] [2]

The Sewerage Commission's reliance on this decision is misplaced. Although this court did say that sec. 111.10, Stats., provides for private sector labor arbitration only, the import of the decision is that public sector labor arbitration is available where the legislature has so provided. Section 111.86 of the State Employment Labor Relations Act (SELRA) was before the court, and we concluded that it brought arbitration between the state and state classified employes[3] within the scope of ch. 298. Section 111.86 provides:

Arbitration in general. Parties to the dispute pertaining to the interpretation of a collective bargaining agreement may agree in writing to have the commission or any other appointing agency serve as arbitrator or may designate any other competent, impartial and disinterested persons to so serve. Such arbitration proceedings shall be governed by ch. 298.

[2] The court cited sec. 111.02(2), Stats., as support for its statement that sec. 111.10 is applicable to the private sector only.

[3] The court concluded that unclassified state employes were excluded from operation of sec. 111.86, Stats., because sec. 111.81(15) provides that SELRA is applicable to classified state employes only:

"Employe" includes any state employe in the classified service of the state, as defined in s. 230.08, except limited term employes, sessional employes, project employes, employes who are performing in a supervisory capacity, management employes and individuals privy to confidential matters affecting the employer-employe relationship, as well as all employes of the commission.

State unclassified employes were held expressly excluded from the scope of ch. 298 because there was no statute applicable to them similar to secs. 111.10 and 111.86.

Municipal employes are not in the same position. Section 111.70 (4) (c) 2, Stats., of the Municipal Employment Relations Act, applicable at the time the parties to this case requested appointment of arbitrator,[4] provides:

"Arbitration." Parties to a dispute pertaining to the meaning or application of the terms of a written collective bargaining agreement may agree in writing to have the commission or any other appropriate agency serve as arbitrator or may designate any other competent, impartial and disinterested person to so serve.

This legislative authorization of arbitration between municipal employers and employes, coupled with the legislative declaration of policy, sec. 111.70 (6) :

Declaration of policy. The public policy of the state as to labor disputes arising in municipal employment is to encourage voluntary settlement through the procedures of collective bargaining. Accordingly, it is in the public interest that municipal employes so desiring be given an opportunity to bargain collectively with the municipal employer through a labor organization or other representative of the employes' own choice. If such procedures fail, the parties should have available to them a fair, speedy, effective and, above all, peaceful procedure for settlement as provided in this subchapter;

convinces us that the legislature has brought municipal labor arbitration within the scope of ch. 298. *See City of Oshkosh v. Oshkosh Public Library Clerical & Mainte-*

---

[4] At the time the motion was brought, sec. 111.70 (4) (cm) 4 was applicable to municipal employment grievance arbitration. Except for its title, sec. 111.70 (4) (cm) 4 is identical to sec. 111.70 (4) (c) 2:

"Grievance arbitration." Parties to a dispute pertaining to the meaning or application of the terms of a written collective bargaining agreement may agree in writing to have the commission or any other appropriate agency serve as arbitrator or may designate any other competent, impartial and disinterested person to so serve.

*nance Employees Union Local 796–A,* 99 Wis. 2d 95, 299 N.W.2d 210 (1980) (sec. 298.10(1)(d) motion for vacation of municipal grievance award entertained) ; *see also Madison Metropolitan School District v. WERC,* 86 Wis. 2d 249, 256–57, 272 N.W.2d 314, 317 (Ct. App. 1978) ("A party may apply directly to the circuit court within one year after the award for an order confirming the award or may apply within three months after the award is filed or delivered to vacate the award. Secs. 298.09 and 298.13. The court in reviewing the award pursuant to these motions applies the standards of sec. 298.10 (1)").

We conclude that the trial court had subject matter jurisdiction to entertain a motion to confirm the award pursuant to ch. 298. We now turn to the Sewerage Commission's second issue.

## AUTHORITY OF THE ARBITRATOR

Notwithstanding its agreement to submit the issue to arbitration, the Sewerage Commission now argues that the question of whether the "confidential aide" position was within the Union's bargaining unit was "outside the scope of the Arbitrator's jurisdiction as a matter of law."

Both the collective bargaining agreement between the parties and sec. 111.70(1)(b), Stats., exclude from the Union's bargaining unit "confidential employees." The Sewerage Commission argues that the question of whether a position is confidential is not properly subject to resolution through arbitration because the WERC has been granted exclusive jurisdiction by statute to determine how statutory exclusions apply to specific positions.

This argument ignores *City Firefighters Union, Local No. 311 v. City of Madison,* 48 Wis. 2d 262, 179 N.W.2d 800 (1970), where our supreme court held that the trial

court could exercise primary jurisdiction to determine whether certain municipal employes were supervisory or confidential employes. The WERC does not have exclusive jurisdiction in this area.

The Sewerage Commission cites *City of Milwaukee,* WERC Decision No. 15848 (1977), and *Milwaukee Police Supervisors Organization,* WERC Decision No. 11971 (1973), to support its argument. These cases reflect WERC policy that when the central issue involves statutory construction, the WERC will not be bound by an arbitrator's award, but will examine the entire record including the award, and will determine whether the award includes in a bargaining unit individuals who should be excluded by statutory exclusions. The cases do not support the Sewerage Commission's contention that the question in this case was not properly the subject of arbitration.

We express no comment on the WERC's treatment of arbitration awards in cases such as this. The parties do not dispute the substance of the arbitrator's decision in this case, but dispute only his power to decide the issue. Although the trial court applied the deferential review mandated by ch. 298, Stats., even if, consistent with WERC policy expressed in the above WERC decisions, we were to review *de novo* because the case involved statutory construction, our review of the record on appeal convinces us that the arbitrator considered the same factors the WERC would have. *See City Firefighters, supra,* 48 Wis. 2d at 270–71, 179 N.W.2d at 804–05. His decision is not erroneous as a matter of law, and we affirm.

*By the Court.*—Judgment affirmed.