FRED A. RISSER, Chairperson Senate Organization Committee
The Senate Committee on Organization asks for my interpretation of the residency requirement for obtaining a marriage license under section 765.05, Stats.
The inquiry originated with the Marriage License Committee of the Wisconsin County Clerks' Association. A letter from the chairperson of that committee accompanied your request. In that letter, the committee poses a question concerning the residency for marriage license application purposes of Wisconsin residents who have moved from one Wisconsin county to another within 30 days prior to the application. The committee also asks a question on how the residency requirement applies to persons who are in military service.
In my opinion, Wisconsin residents who move from one county to another within the state, as well as new state residents, who cannot satisfy the 30 day residency requirement for obtaining a marriage license in their current county of residence must, like nonresidents of the state, obtain the license in the county in which the marriage ceremony will be *Page 237 
performed. I also conclude that persons in the military stationed in Wisconsin may obtain marriage licenses in the Wisconsin county in which they reside and that Wisconsin residents who enter military service and are stationed out of state may obtain marriage licenses in the Wisconsin county in which they claim residence if they can show that they have maintained state residency by such means as voting in Wisconsin, maintaining a state driver's license and paying state income taxes.
Section 765.05 provides that:
 No person may be joined in marriage within this state until a marriage license has been obtained for that purpose from the county clerk of the county in which one of the parties has resided for at least 30 days immediately prior to making application therefor. If both parties are nonresidents of the state, the marriage license may be obtained from the county clerk of the county where the marriage ceremony is to be performed. If one of the persons is a nonresident of the county where the marriage license is to issue, the nonresident's part of the application may be completed and sworn to (or affirmed) before the person authorized to accept such applications in the county and state in which the nonresident resides.
Section 765.08 provides for a 5-day waiting period between the application for a marriage license and its issuance; however, this period may be waived by the county clerk upon payment of a fee. The fee charged for this waiver, as well as the fee for the marriage license itself under section 765.15, is the same for residents and nonresidents.
Section 765.09 (3) provides in part that: "Each party shall present satisfactory, documentary proof of identification and residence and shall swear (or affirm) to the application before the clerk who is to issue the marriage license or the person authorized to accept such applications in the county and state where the party resides." *Page 238 
Under section 765.12 (1), the county clerk issues the marriage license if statutory provisions, including the above, have been complied with. Section 765.12 (2) provides in part that: "The marriage license shall authorize the marriage ceremony to be performed in any county of this state within 30 days of issuance, excepting that where both parties are nonresidents of the state, the ceremony shall be performed only in the county in which the marriage license is issued."
The first question posed involves the situation where both parties are Wisconsin residents who moved from one Wisconsin county to another within 30 days prior to the date of application for the marriage license. The parties do not intend to have the marriage ceremony performed in the new county of residence. The question is whether the parties must apply for a license in the county where one of them had resided for 30 days prior to the move, or whether they should be treated as nonresidents and obtain the license in the county where the marriage ceremony is to be performed.
Section 765.05 on its face provides no answer to this question. The parties in question are Wisconsin residents, but neither one has satisfied the statutory 30-day requirement for obtaining a marriage license in the new county of residency. Given the 30-day requirement, the two ways of dealing with the situation are: (1) to treat the parties as residents of their county of previous residence, if qualified there; or (2) to treat the parties as nonresidents.
In my opinion, Wisconsin residents who move from one county in this state to another within 30 days of application for a marriage license must, like nonresidents, obtain the license from the clerk of the county in which the ceremony will be performed. The same holds true for new Wisconsin residents who have not satisfied the 30-day requirement in the county where they reside.
The Vital Statistics Section in the Department of Health and Social Services, in its Vital Statistics Handbook For County *Page 239 Clerks (Dec. 1990), at 7, states that: "If both parties are residents of Wisconsin but neither has been a resident of a county for 30 days, the application is to be made in the county where the marriage is to be performed." The Marriage License Committee of the Wisconsin County Clerks' Association questions this interpretation. However, in my opinion the agency's conclusion is correct.
The language of section 765.05 does not clearly and unambiguously set forth the legislative intent, so it is necessary to examine the history, context, subject matter, scope and object of the statute. In Interest of J.A.L., 162 Wis.2d 940,962-63, 471 N.W.2d 493 (1991). Furthermore, interrelated statutes must be read together and harmonized. Racine UnifiedSchool Dist. v. LIRC, 164 Wis.2d 567, 606, 476 N.W.2d 707 (Ct. App. 1991).
The 30-day residency requirement was added to section 765.05 by chapter 595, Laws of 1959. The Legislative Council Note to this section states that:
 This is a restatement of Wis. Stats. 1957, § 245.13 which requires that a marriage license be obtained in the county where one of the parties resides. Since residence can be established in a single day this requirement is easily circumvented. A new provision requires a county residence of 30 days.
Legislative Council Note — 1959, Wis. Stat. Ann. §765.05 (West 1981).
This history shows that the 30-day requirement is comparatively recent and suggests that it relates to the purpose of the chapter expressed in section 765.001 (2) "to promote the stability and best interests of marriage and the family." A durational residency requirement may help ensure that only eligible persons, who, for example, do not intend to avoid the marriage laws in their home states, as prohibited by section 765.04 (3), obtain licenses to marry in this state. Similarly, the durational requirement may help ensure that Wisconsin residents *Page 240 
are eligible to marry. For example, the durational residency requirement probably makes it more likely that two first cousins, who wish to marry contrary to section 765.03 (1), would be discovered prior to making an illegal marriage. For persons who cannot meet the 30 day requirement, the statutory scheme, as interpreted herein, requires such persons to obtain marriage licenses within the county in which the marriage will be performed. This scheme appears "to promote the stability and best interests of marriage and the family" by forcing such persons to have multiple contacts with the same county, which probably provides some check on illegal marriages.
The legislative history of a related statute, section 765.08, shows that the question of residency for persons moving within the state was formerly addressed. Section 765.08 (2) currently provides that the county clerk may waive the 5-day waiting period between the application for a marriage license and its issuance. Formerly, section 765.08 specified a number of situations under which the 5-day period could be waived and provided in part as follows: "The person applying for such order or dispensation shall have been a resident of this state for at least 30 days immediately prior to making such application. The applicant shallretain residence in one county until he or she has establishedresidence in another for 30 days." Sec. 765.08, Stats. (1979-80). It seems likely that this language, if it were still in the law, would be read with section 765.05 and used to apply to all Wisconsin residents who had moved within the state within 30 days prior to the application for a marriage license. Racine UnifiedSchool Dist., 164 Wis.2d 567.
However, the language on keeping residency in one's former county to meet the 30-day requirement was removed when the specified waiver provisions were removed and replaced with the current general waiver language by chapter 20, Laws of 1981 (the budget act).
Section 765.05 creates two classes: (1) persons who have resided in a Wisconsin county for 30 days prior to application *Page 241 
for a marriage license; and (2) nonresidents of the state. State residents who move from one Wisconsin county to another within the 30-day period, as well as new state residents, are not covered. In light of the directive in section 765.001 (3) to liberally interpret the chapter, I conclude that such persons should be treated as nonresidents for the purpose of obtaining a marriage license, with the result that, under sections 765.05 and765.12 (2), they must obtain the license in the county where the ceremony will be performed. To conclude that such persons cannot obtain a license to marry, because they do not literally fit into the specified classes of persons who may obtain a license, would be to reach an absurd result contrary to the intent "to promote the stability and best interests of marriage and the family" and the directive to construe the chapter to achieve these ends expressed in section 765.001. Statutes must be construed to avoid an unreasonable or absurd result. Schwartz v. ILHR Dept., 72 Wis.2d 217,222, 240 N.W.2d 173 (1976).
However, to interpret the law so as to allow Wisconsin residents to keep residency in their former county of residence for marriage application purposes, when they move within the 30-day period, would contradict the legislative intent shown by the 1981 session repeal of the provision allowing this. For these reasons, I reach the conclusion that the legislative intent is best carried out by interpreting the law to provide that Wisconsin residents who cannot meet the requirement of 30-day residence in their county of current residence must be considered nonresidents under section 765.05. This means that, pursuant to sections 765.05 and 765.12 (2), such persons must obtain their marriage license in the county where the marriage will be performed.
It seems somewhat unfortunate that Wisconsin residents who move from one county to another, within the 30 days prior to applying for a marriage license, lose the advantage of getting their license in their county of current residence and the ability to hold the marriage ceremony anywhere in the state. Instead, *Page 242 
such persons, like nonresidents, must get their license in the county where the marriage will be performed. If the Legislature wishes to allow persons who move from one Wisconsin county to another within the statutorily required residency period to be considered residents of their former county of residence, as was formerly the case, it can enact language allowing this, as it has done in section 6.10 (3) for electors who move from one ward to another within the statutory residence period. This would allow such persons the freedom of having the marriage ceremony take place anywhere in the state, but would require them to return to their county of former residence to apply for the license.
The Legislature may also wish, as an alternative or complement to the above, to minimize the burden on residents moving within the state by reducing the residency period from 30 days to a lower figure, such as 10 days, which is the residency period for voting purposes under section 6.10 (3). Finally, the Legislature might eliminate the 30 day period altogether for state residents. These approaches, though, while convenient for state residents who have recently moved, would obviously diminish or lose whatever benefit is provided by having a durational residency requirement.
The second question involves the situation where a Wisconsin resident entered military service and has been stationed outside the state for an extended period of time. The person continues to vote in Wisconsin, maintains a Wisconsin driver's license and pays Wisconsin income taxes. The question is:
 If this individual wished to obtain a marriage license to be married in Wisconsin, to a party who is not a resident of the state, would the parties have to apply in the county where the one has claimed residency during the period of military service or in the county where the ceremony is to be performed . . . [assuming that this is a different county]? *Page 243 
In my opinion, under these facts, a person in the military stationed outside of Wisconsin may apply for a marriage license in the Wisconsin county in which he or she claims residence.
According to the Vital Statistics Handbook For County Clerks at 8, "if a person is in the military . . . the place the person is stationed . . . is the place of residence." Residency is proved by "a driver's license, a recently dated bill listing the person and address, or similar documents." Id. at 7. As with the first question, the Marriage License Committee of the Wisconsin County Clerks' Association questions the agency interpretation.
For the reasons set forth below, I conclude that the concept of residency in section 765.05 is broad enough to cover a person in the military stationed in this state, as well as a person who physically resided in Wisconsin prior to leaving the state for military service, where such person demonstrates the intention to return by such means as absentee voting at the place of former Wisconsin residence, maintaining a state driver's license and paying state income taxes.
The relevant provisions in chapter 765 provide no obvious answer to the question of the residency of persons in the military for marriage application purposes. Since the terms "reside" and "nonresident" are undefined in section 765.05, it is necessary to look at the context in which they are used and the general intention of the legislation to determine their meaning.In re Marriage of Michalik v. Michalik, 164 Wis.2d 544, 556,476 N.W.2d 586 (Ct.App. 1991). As stated above, interrelated statutes must be read together to produce a harmonious whole.Racine Unified School Dist., 164 Wis.2d 567. Also, in interpreting a statute, reference may be made to "other statutes which are not specifically related, but which apply to similar persons, things, or relationships." 2B Singer, SutherlandStatutory Construction § 53.03 (Sands 5th ed. 1992).
The section preceding section 765.05 sheds light on the meaning of residency in section 765.05. Section 765.04 uses the *Page 244 
terms "domicile" and "residence," and provides in part as follows:
 (1) If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state goes into another state or country and there contracts a marriage . . . void under the laws of this state, such marriage shall be void. . . .
 (2) Proof that a person contracting a marriage in another jurisdiction was (a) domiciled in this state within 12 months prior to the marriage, and resumed residence in this state within 18 months after the date of departure therefrom, or (b) at all times after departure from this state . . . maintained a place of residence within this state, shall be prima facie evidence that at the time such marriage was contracted the person resided and intended to continue to reside in this state.
This statute uses the concept of residency in two senses. In the first sense, where someone was "domiciled" in the state, left the state and "resumed residence," the term "residence," because it was "resumed" upon return to the state, suggests actual physical presence in the state. But in the second sense of the term, where maintaining a "place of residence" is prima facie
evidence that the person "resided and intended to continue to reside in this state," the concept of residence is broader. In this broader sense residence does not require continual physical presence, but instead covers the situation where a person, who physically resided in the state, leaves the state with the intention of returning.
The use of the phrase "residing and intending to continue to reside" in subsection (1) of section 765.04, followed by the use of the term "domiciled" in subsection (2), suggests that the broader concept of residence is equivalent to "domicile." This *Page 245 
interpretation is supported by Estate of Daniels, 53 Wis.2d 611,614-15, 193 N.W.2d 847 (1972), in which the court stated:
 It might be stated that "domicile" includes residence but "residence" does not necessarily include domicile. Domicile is generally regarded as the place where a man has his fixed and permanent home or residence to which he intends to return whenever he is absent therefrom. It is not a residence for any special or temporary purpose but one intended to be permanent for an unlimited or indefinite period.
Statutes concerning persons in the military recognize the dual sense of residence. A military elector may, with certain exceptions, vote by absentee ballot "in the ward or election district for the address of his or her residence prior to becoming a military elector." Sec. 6.22 (2)(a), Stats. However, a member of the military stationed in Wisconsin, who came from outside the state, may, under section 6.10, establish residency for voting purposes in this state. 61 Op. Att'y Gen. 269 (1972).
With regard to a motor vehicle operator's license, a person in the military who holds a Wisconsin license and is stationed outside of the state can renew the license under section 343.20
(3). However, as is the case under the election law, above, it appears that a person in the military stationed in this state may qualify as a resident for operator's license purposes under section 343.01 (2)(g), where the person is an adult whose "one home and customary and principal residence, to which the person has the intention of returning whenever he or she is absent, is in this state." This conclusion is supported by the language in that provision allowing a 17-year-old in the military to qualify as a resident for an operator's license, even though no parent resides in the state. The inference is that adults in the military may qualify under the definition of resident if their "home and customary and principal residence . . . is in this state." Sec. 343.01 (2)(g), Stats. *Page 246 
Persons in the military who are stationed in the state or who are "residents on furlough or leave" in the state may obtain certain resident fish and game licenses. Secs. 29.09 (12) and 29.093 (2)(i), Stats. A "resident" for fish and game purposes must have maintained his or her abode for 30 days prior to application and must show "[d]omiciliary intent," which may be evidenced by "the location where the person votes, pays personal income taxes or obtains a driver's license." Sec. 29.01 (12), Stats. Under this definition, as with the definition of resident for a driver's license, above, it appears that a person in the military stationed in Wisconsin may establish residence or domicile in Wisconsin.
Finally, under the federal Soldiers and Sailors Relief Act, a person in military service does not lose "residence or domicile" in a state for state income tax purposes "solely by reason of being absent therefrom in compliance with military or naval orders"; nor does the person gain residence or domicile in a state solely due to the presence in the state for military service. 50 U.S.C.A. § 574 (1990).
As the above overview shows, provisions in state and federal law allow members of the military stationed outside of Wisconsin whose home state is Wisconsin to vote in this state, maintain their state driver's licenses and pay state income taxes. These provisions allow a person in the military who resides, in the limited sense of the term, out of state to maintain Wisconsin residency in the permanent sense of domicile, where absence from the state is deemed temporary because of an intent to return to the state. On the other hand, members of the military from other states can establish Wisconsin residency and members stationed in Wisconsin, who may have maintained domicile in another state, may be accorded the privileges of residency, as in the case of fish and game licenses.
Section 765.04, discussed above, and the Vital StatisticsHandbook For County Clerks recognize the physical presence aspect of residency, which is not necessarily the same as *Page 247 
permanent residence or domicile. In my opinion, interpreting section 765.05 to encompass both senses of residency carries out the legislative intent expressed in section 765.001 (3) to liberally interpret chapter 765 and the various statutes recognizing the dual nature of residency of persons in the military. Moreover, allowing military personnel to prove state residency by such means as showing driver's licenses with Wisconsin addresses is a practical method of carrying out the clerks' duties in issuing marriage licenses.
In closing, I note that this opinion interprets the law to guide county clerks in the issuance of marriage licenses. Although clerks must follow the law, it is reassuring to observe that under section 765.23 a marriage is not void due to the issuance of a license by a clerk without jurisdiction, or due to the marriage of persons considered nonresidents in a county other than the one in which the license was issued.
JED:JHS *Page 248