**GOLDEN VALLEY MEMORIAL HOSPI-
TAL DISTRICT, Appellant,**

v.

**MISSOURI STATE BOARD OF MEDIA-
TION, and Golden Valley Registered
Nurses Association, Respondents.**

Nos. KCD 28781 and 29128.

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Donald W. Jones, Prewitt, Jones & Karchmer, Springfield, for appellant.

Dan K. Purdy, Osceola, for Golden Valley Registered Nurses Assn.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for Mo. St. Bd. of Mediation.

Harry L. Browne, Stanley E. Craven, Spencer, Fane, Britt & Browne, Kansas City, for Mo. Hosp. Ass'n amicus.

Before TURNAGE, P. J., and PRITCHARD and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Golden Valley Memorial Hospital District appeals from the order of the circuit court affirming the order of the State Board of Mediation which found all of the registered nurses employed by the Hospital, except for the Director of Nursing Services, constitutes an appropriate bargaining unit. A second appeal filed by the Hospital and consolidated with the first in this court, was filed after the Board had certified the vote taken by the bargaining unit established by it.

On this appeal the hospital challenges the adequacy of the finding of fact made by the Board. Reversed and remanded.

■ The first appeal taken after the certification by the Board of the bargaining unit is premature. This court held in *Lincoln County Memorial Hospital v. Missouri State Board of Mediation*, 549 S.W.2d 665 (Mo.App.1977) that an appeal must await the vote taken in the bargaining unit established by the Board. For that reason the appeal in No. 28,781 is dismissed.

The vote taken by the bargaining unit revealed 29 votes in favor of the Golden Valley Registered Nurses Association and none opposed. The Hospital challenged the vote of 17 persons on the ground such persons were supervisors and were improperly included within the bargaining unit. The Board rejected the challenge to these votes and reaffirmed its earlier decision in which all registered nurses, except for the Director of Nursing Services, were included in the bargaining unit. On appeal to the circuit court, the findings by the Board and the rejection of the challenge to the 17 votes was affirmed.

On this appeal the Hospital contends the findings of fact and conclusions of law made by the Board in establishing the bargaining unit were insufficient as measured by the requirements set forth in *Century State Bank v. State Banking Board of Missouri*, 523 S.W.2d 856 (Mo.App.1975) and cases therein cited. In *Lincoln County* this court severely criticized the findings of fact made by the Board in that case and partially quoted such findings. 549 S.W.2d 670. This court held to the extent it could the findings in that case were insufficient and suggested the Board would want to reopen the case for the purpose of making new and additional findings of fact.

The findings of fact and conclusions of law made in this case by the Board are identical to those made in the *Lincoln County* case. What was said in *Lincoln County* concerning such findings is fully applicable here.

■ The issue presented to the Board was whether or not supervisory personnel should be included in the bargaining unit. As this court noted in *Lincoln County*, the Board made the inconsistent finding that all registered nurses have a community of interest, yet the Board excluded the Director of Nursing Services who was a registered nurse. There is no need to add to the comments made in *Lincoln County* concern-

ing the findings of fact and conclusions of law made by the Board in that case and in this case. Such findings of fact and conclusions of law are totally inadequate to afford a basis for judicial review.

■ The basic question presented to the Board was whether or not any registered nurses should be excluded from the bargaining unit on the basis of their duties being management rather than employee oriented. The Hospital presented considerable evidence concerning nurses designated as supervisors, head nurses and assistant head nurses and their duties. The Hospital sought to show these employees were actually a part of management and were not employees in the sense the term is used in §§ 105.500–105.525, RSMo 1969. Section 105.510 allows employees, except police and other designated persons, the right to form and join labor organizations and to present proposals to any public body. The statute does not define the word employee; however, the term employee cannot be literally read to include every person on the payroll of a public body. As stated in *City of Milwaukee v. Wisconsin Employ. Rel. Com.,* 43 Wis.2d 596, 168 N.W.2d 809, 812 (1969): "someone has to sit on the city's side of the bargaining table."

The statute involved in Wisconsin is similar to the applicable statute in Missouri as is the statute in Connecticut. In considering the meaning to be ascribed to the term employee the court in *Conn. St. Bd. of Lab. Rel. v. Greenwich Taxi Co.,* 151 Conn. 573, 200 A.2d 712 (1964), stated at 714:

. . . the General Assembly intended to differentiate between employees, as that term is commonly used, and employees in a narrower meaning which excludes those persons whose duties involve acting directly or indirectly in the interest of their employer in relation to another employee.

It is clear the General Assembly of this State did not intend to use the term employee in the sections under consideration to designate everyone on the public body's payroll. In § 105.520 the Legislature provides proposals may be presented to the public body "or its designated representative or representatives." The Legislature has clearly recognized that not every person on the public payroll is to be considered an employee within the meaning of § 105.510.

■ Section 105.525 provides that "[i]ssues with respect to appropriateness of bargaining unit majority representative status shall be resolved by the state board of mediation." Thus, it was mandatory on the part of the Board in this case to resolve the issue concerning the status of the supervisory nurses with respect to their inclusion in the bargaining unit.

It should further be noted there is nothing in Chapter 335 which provides for the licensing of registered professional nurses and licensed practical nurses which requires that all nurses regardless of their identity with management be included in the bargaining unit. In fact, the Nurses Association in its brief in this case concedes as much.

■ The Board by its findings of fact and conclusions of law has failed to make adequate findings and to settle the issue of supervisory nurses. It is, therefore, the duty of the Board, by appropriate findings of fact to identify those employees, if any, whose duties involve acting directly or indirectly in the interest of the employer in relation to other employees. Such employees shall be excluded from the bargaining unit.

The judgment in No. 29,128 is reversed and the cause is remanded to the circuit court with directions to remand this case to the Board of Mediation with directions to the Board to make findings of fact which will support conclusions to identify those employees, if any, to be excluded from the bargaining unit. Such findings of fact and conclusions of law shall comply with the standards set forth in *Century State Bank, supra.* The Board may reopen the hearing if it desires before entering its final order.

All concur.