**KSD/KSD–TV, INC., a corporation, and the Pulitzer Publishing Company, a corporation, Respondents,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri et al., Appellants.**

**No. 60342.**

Supreme Court of Missouri, En Banc.

March 13, 1978.

Rick V. Morris, Terry C. Allen, Dan J. Chatfield, Div. of Employment Security, Jefferson City, Charles B. Fain, Jefferson City, for appellants.

Robert B. Hoemeke, Evans, Hoemeke & Casey, St. Louis, for respondents.

DONNELLY, Judge.

This case involves a construction of § 288.110, RSMo 1969, a portion of the Missouri Employment Security Law. Section 288.110 reads, in pertinent part, as follows:

"Any individual, type of organization or employing unit which has acquired substantially all of the business of an employer, excepting in any such case any assets retained by such employer incident to the liquidation of his obligations, and in respect to which the division finds that immediately after such change such business of the predecessor employer is continued without interruption solely by the successor, shall stand in the position of such predecessor employer in all respects, including the predecessor's separate account, actual contribution and benefit experience, annual payrolls, and liability for current or delinquent contributions, interest and penalties. If two or more individuals, organizations, or employing units acquired at approximately the same time substantially all of the business of an employer (excepting in any such case any assets retained by such employer incident to the liquidation of his obligations) and in respect to which the division finds that immediately after such change all portions of such business of the predecessor are continued without interruption solely by such successors, each such individual, organization, or employing unit shall stand in the position of such predecessor with respect to the proportionate share of the predecessor's separate account, actual contribution and benefit experience and annual payroll as determined by the portion of the predecessor's taxable payroll applicable to the portion of the business acquired, and each such individual, organization or employing unit shall be liable for current or delinquent contributions, interest and penalties of the predecessor in the same relative proportion. * * *."

Prior to December 30, 1973, Pulitzer Publishing Company had approximately 2,000 employees engaged in the business of publishing its newspaper, the St. Louis Post-Dispatch, and approximately 200 employees engaged in the business of operating its radio and television facilities, KSD and KSD–TV. On December 30, 1973, KSD/KSD–TV, Inc. was incorporated as a wholly owned subsidiary of Pulitzer and acquired its broadcasting facilities and employees.

Prior to December 30, 1973, Pulitzer's unemployment contribution tax rate under the Missouri Employment Security Law was

348

1.4%. After December 30, 1973, the Division of Employment Security continued Pulitzer's rate at 1.4% but increased KSD/KSD–TV's rate to 2.7%.

KSD/KSD–TV contended it should be given a rate of 1.4%. It relied upon the second sentence of § 288.110, supra, and asserted:

"We are familiar with Section 288.110 and particularly that provision that to succeed to a rate a company must have 'acquired substantially all of the business of an employer.' However, we believe this language must be read in conjunction with the additional proviso in the statute that if two or more employers succeed to the business of an employer, then they can succeed to such employer's account.

"In our situation nothing has changed but the form. There is no doubt but that if two new companies had acquired respectively the newspaper and broadcasting business of Pulitzer they could succeed to the Pulitzer rate. It seems an absurd statutory construction to hold that while that can occur, when a company transfers a severable portion of its business to a wholly owned subsidiary, the subsidiary cannot succeed to the parent's rate. We believe when 288.110 is read in its entirety, the legislative intent and statutory scheme clearly would provide that succession should occur in a factual situation like ours."

The Division of Employment Security has maintained throughout the controversy that KSD/KSD–TV does not "stand in the position" of Pulitzer under the provisions of § 288.110. It was sustained by the Labor and Industrial Relations Commission of Missouri by order dated November 8, 1974.

On November 14, 1974, KSD/KSD–TV filed a Petition for Review in the Circuit Court of Cole County. In July, 1975, the Circuit Court of Cole County reversed the Commission and entered the following Conclusions of Law:

"1. That pursuant to Chapter 288, RSMo, when a parent and subsidiary corporation continue a business without interruption previously operated by the parent alone, the parent and subsidiary should be considered successors to the parent's previous business operation for the purpose of determining the initial unemployment contribution rate of the subsidiary.

"2. That KSD/KSD–TV Inc., as [of] January 1, 1974, should succeed to the unemployment tax rate of The Pulitzer Publishing Company."

The Division and Commission then appealed to the Kansas City District of the Court of Appeals, which affirmed. The cause was then transferred here by order of this Court.

The parties agree that KSD/KSD–TV is not a successor to Pulitzer under the first sentence of § 288.110 because it did not acquire "substantially all of the business" of Pulitzer. The parties disagree as to the construction to be given the second sentence of § 288.110.

It would appear that, under the provisions of the second sentence of § 288.110, if two employing units *acquire* at approximately the same time substantially all of the business of an employer and the division finds that immediately after such change all portions of the business of the predecessor are continued without interruption solely by the two successor employing units, each successor shall stand in the position of the predecessor with respect to "experience rating", and that the unemployment contribution tax rate applicable to the predecessor would apply to each successor.

However, this is not what happened. Pulitzer *retained* the newspaper operation. It did not *acquire* the newspaper operation. And, the Division asserts that substantially all of Pulitzer's business was not *acquired* by two employing units on December 30, 1973, "because it does not logically follow that the Pulitzer Publishing Company could *acquire* a portion of its business which it had prior to December 30, 1973, and which it continued after December 30, 1973." (Emphasis ours).

If the statute is to be literally applied, the Division's position must be sustained.

However, we believe the word "acquired" should not be given such restrictive legal effect. A statute should not be given a construction which would cause an unreasonable result. *State ex rel. Dravo Corporation v. Spradling,* 515 S.W.2d 512, 517 (Mo.1974). We believe the practical effect of the transaction of December 30, 1973, was to transform a relationship wherein Pulitzer operated both the newspaper and broadcasting business into a relationship wherein Pulitzer operated the newspaper business and KSD/KSD–TV operated the broadcasting business. The fact that Pulitzer did not *acquire* the newspaper from a third party on December 30, 1973, is, in our opinion, of minimal consequence. We hold that both should be given the 1.4% rate. To hold otherwise would be to reach an unreasonable result.

The judgment is affirmed.

MORGAN, C. J., BARDGETT, FINCH, RENDLEN and SEILER, JJ., and HOUSER, Special J., concur.

HENLEY, J., not sitting.