**54**

John GERMANN et al., Appellants,

v.

CITY OF KANSAS CITY, Missouri, a Municipal Corporation, et al., Respondents.

No. KCD 29510.

Missouri Court of Appeals, Kansas City District.

Nov. 27, 1978.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1979.

Lawrence F. Gepford, Kansas City, for appellants.

Harry L. Browne, Kansas City, for respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

John Germann, George P. Smith, William T. Pelletier and Local 42 of the International Association of Firefighters filed suit against the City of Kansas City for a declaration that Ordinance No. 46749 was void because it excluded battalion chiefs of the fire department from joining the same union as rank and file members of the fire department. The trial court found the ordinance to be valid and Germann and the other plaintiffs appeal. Affirmed.

The parties stipulated to the following facts. For a number of years all firefighters employed by the fire department of Kansas City have been members of Local 42 except for the fire chief. As of July 1, 1976, the fire department consisted of one fire chief, two deputy fire chiefs (3 authorized), 18 battalion chiefs (21 authorized), 153 captains (162 authorized) and 685 fire apparatus operators and firefighters. In addition, there was one chief fire prevention inspector who supervised 10 inspectors, one superintendent of garage who supervised 13 employees, and one supervisor of alarm who supervised 18 employees.

From 1966 until October, 1975, Local 42 engaged in six slowdowns or partial work stoppages. In these instances the union members refused to perform certain functions and in some instances called in sick rather than reporting for duty. In October, 1975, Local 42 voted to engage in a complete strike with all of its members refusing to perform any services. This left the City with only one professionally trained firefighter, the fire chief, on duty for a period of four days. During this time some deputy chiefs and battalion chiefs were individually requested to report for duty but refused.

After this complete work stoppage, the City and Local 42 entered into a memoran-

dum of understanding whereby pay raises were provided and those employees designated as supervisors were prohibited from belonging to a labor organization which also admitted to membership employees they supervised. Deputy chiefs and battalion chiefs were included in the definition of supervisors. In July, 1976, the city council of Kansas City adopted Ordinance 46749 to implement the agreement between the City and Local 42. This suit was filed to challenge the validity of provisions of the ordinance prohibiting battalion chiefs, as supervisors, from joining the same union as rank and file employees of the department.

In their petition the Local and the three battalion chiefs alleged the ordinance denied the battalion chiefs their constitutional rights under the First, Ninth and Fourteenth Amendments of the United States Constitution and was, therefore, void because it prevented exercise of their right of freedom of association by unjustly and severely limiting their right to belong to the labor organization of their choice. The petition further alleged the ordinance was invalid because it impinged upon the right of the battalion chiefs to join the labor organization of their choice in contravention of § 105.510, RSMo 1969.

The trial court made the following findings of fact and conclusions of law: (1) governmental employers have the right to prevent supervisors from being a part of the union which represents the employees they are required to supervise; and (2) in view of the organization of the fire department, the organization and disciplinary rules of the International Association and Local 42, the history of labor-management controversies involving Local 42, and general management needs for the undivided loyalty of supervisors, there existed a governmental interest of sufficient importance to justify the limited and conditional restriction on freedom of association imposed on battalion chiefs by the ordinance. In its judgment the court relied on *Elk Grove Firefighters Local No. 2340 v. Willis*, 400 F.Supp. 1097 (N.D.Ill.1975) aff'd unpublished order 539 F.2d 714 (7th Cir. 1976).

■ On this appeal the chiefs and the Local continue their argument that the ordinance is void because it restricts the chief's constitutional right of freedom of association and because under § 105.510 they have a right to form and join labor organizations. In support of these contentions some question is raised in their brief as to whether or not the chiefs should be classified as supervisors. However, no contention was made in the petition or presented to the trial court concerning the propriety of classifying battalion chiefs as supervisors. Hence, such question is not preserved for review on this appeal. *Vineyard v. Vineyard*, 409 S.W.2d 712, 718[6] (Mo.1966).

■ This court finds the decision in Elk Grove Firefighters, *supra*, persuasive to reject the contention that the ordinance denies the chiefs their constitutional rights by prohibiting their membership in the same union as firefighters under their supervision. In *Elk Grove* the court considered precisely this same issue concerning a village policy which prohibited fire department captains and lieutenants from belonging to the same union as rank and file firefighters. There also, the captains and lieutenants claimed this policy infringed upon their First Amendment freedom of association rights. The court noted that although the village policy undoubtedly affected the parties' First Amendment rights, both as to membership in economic associations such as unions and in their capacity as public employees, such First Amendment rights are not without limit and the extent of such limits requires a balancing of the public interest which underlies the limitation. The court held at 400 F.Supp. 1100[6, 7]:

> Where the state seeks to limit First Amendment freedoms it must show (1) that a substantial, legitimate state interest (2) will in fact be served, and (3) that the limit imposed on First Amendment activities is the least drastic restriction of constitutional rights which will accomplish the state's purpose. *Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960).

The village contended a conflict of interest would result if captains and lieutenants belonged to the same union as those they supervised, thus impairing the efficiency of the fire department and endangering the lives and property of the public. The court found that an efficient fire department is a legitimate and substantial state interest, particularly because firefighters must be available to act quickly and effectively to prevent the loss of life and property. The court, quoting from *Beasley v. Food Fair of North Carolina, Inc.*, 416 U.S. 653, 660, 94 S.Ct. 2023, 2027, 40 L.Ed.2d 443 (1974), stated, "[m]anagement, like labor, must have faithful agents," and then continued at 400 F.Supp. 1102:

> To permit the officers to join and become subject to the discipline of a union in which they are outnumbered by firefighters by greater than a three-to-one ratio could deprive the Village of the undivided loyalty of the officers to which it is entitled.

The court then illustrated the inherent conflict of interest by hypothesizing a union position against involuntary overtime and a decision by a supervisory official that such overtime was necessary for efficient operation of the department. The court noted that the officer ordering the overtime, as a union member, would be caught in a clash between his duty to the department and his duty to pursue union ends. The court, explaining this was the type of conflict the village policy sought to prohibit, concluded by stating at 400 F.Supp. 1103[9]:

> The Village cannot be told to wait and see whether any conflict develops in fact. The creation of a common union composed of rank and file firefighters and their superior officers poses a sufficiently serious threat of ineffective supervision based upon divided loyalties to warrant preventive action.

In holding the action of the village was the least restrictive means of serving the legitimate governmental purpose of maintaining an efficient fire department, the *Elk Grove* opinion noted that officers involved were not precluded from joining labor organizations which excluded rank and file firefighters.

In the case sub judice it was stipulated that Kansas City battalion chiefs were charged with responsibility for evaluation of employees under their supervision and under certain circumstances could make other work assignments and order employees under their direction to work overtime. Evaluation of employees is a significant responsibility because merit raises depend upon the results of such evaluations. It was further stipulated that in the absence of the chief of the fire department, a deputy chief acts as chief. In turn, in the absence of a deputy chief, including absence due to acting temporarily as fire chief, a battalion chief acts as deputy fire chief. In addition, during weekends and certain weekday hours, a battalion chief is the ranking officer on duty and is in charge of the fire department.

Clearly, the battalion chiefs occupy one of the most responsible positions in the Kansas City Fire Department and it is beyond question that an irreconcilable conflict of interest may well arise when they act as the officer in charge of the entire department and hold union membership with the firefighters. Decisions which must be made objectively for the best operation of the department may be in opposition to a position assumed by the union.

For the reasons fully explained in *Elk Grove*, this court holds the prohibition of battalion chiefs from holding membership in the same union as the firefighters they supervise serves a legitimate state interest and the restriction of their First Amendment rights is the least drastic restriction to accomplish this purpose.

The remaining contention, that battalion chiefs have a right to belong to the union under § 105.510, has been fully answered by this court in *Golden Valley Memorial Hospital District v. Missouri State Board of Mediation*, 559 S.W.2d 581 (Mo.App.1977), where this court held the term "employee," as used in § 105.510, did not refer to every employee on the public payroll and that supervisors may be excluded from a labor

bargaining unit representing public employees. Thus, assuming without deciding that § 105.510 applies to Kansas City, a constitutional charter city, such section does not prohibit the City from restricting supervisors from joining the same union as those they supervise.

The judgment is affirmed.

All concur.