Carrie INGRAM, Appellant-Plaintiff,

v.

CIVIL SERVICE COMMISSION OF the CITY OF ST. LOUIS et al., Respondents-Defendants.

No. 39008.

Missouri Court of Appeals, Eastern District, Division Two.

June 19, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Charles R. Oldham, St. Louis, for appellant-plaintiff.

Jack Koehr, City Counselor and Harry J. Dodson, St. Louis, for respondents-defendants.

PER CURIAM.

This is a proceeding initiated by Carrie Ingram (Employee) for disability benefits for injuries sustained in the course of her employment with the City of St. Louis. At the time plaintiff was injured the City was not under Workmen's Compensation Act Chapter 287, RSMo 1959. Employee appeals from the judgment of the circuit court affirming an award of the Civil Service Commission of the City of St. Louis (Commission).

The Petition for Review of the decision of the Civil Service Commission of the City of St. Louis alleges that the Commission found that an award of $4,431.13 as disability leave and $2,500.00 as an award in gross was just and reasonable. It further alleged that the findings of fact and conclusion of law were not supported by competent and substantial evidence upon the entire record.

The circuit court, at the request of Employee, made findings of fact and conclusions of law and affirmed the award of the Commission.

The scope of review of an appellate court with respect to an administrative decision is the same as that of the circuit court. We review the decision of the administrative body not the judgment of the circuit court. *May v. Ozark Central Telephone Company*, 272 S.W.2d 845 (Mo.App. 1954). Because of the disposition we are required to make of this case we need not specifically delineate the entire scope of review.

A reading of the briefs on appeal indicates that Employee's principal complaint is that an award of the Civil Service Commission of the City of St. Louis was inadequate; and that she should have had an opportunity to produce evidence and inquire about guidelines used by the City Counselor and the Commission in making awards for permanent disabilities or the lack of any guidelines in making such awards.

There are references to the findings of fact and conclusions of the Commission in the transcript; we have searched the file on this appeal and have reviewed each of 34 exhibits filed with us and we do not have before us the findings and conclusions of the Commission.

The very basis of the proceeding in this case is an ordinance of the City of St. Louis. The transcript reveals that the City Counselor provided the members of the Commission with copies of Ordinance 56172 promulgated March 21, 1972 which he said had been amended without substantial change. In the hearing before the Commission portions of this ordinance were read into evidence on three different occasions. The ordinance was not formally introduced into evidence and is not listed among the exhibits presented to the circuit court. A portion of the purported ordinance is printed in Employee's brief. Neither the Commission, the trial court nor this court can take judicial notice of the ordinances of the City of St. Louis. A determination of this case would necessitate interpreting the ordinance. The existence and the content of the ordinances must be proved as any other factual issue. *State ex rel Freeze v. City of*

*Cape Girardeau,* 523 S.W.2d 123 (Mo.App. 1975). In the case before us it was conceded that the copies of the ordinance that were handed to the members of the Commission was not the ordinance that was in effect at the time employee was injured.

It is the duty of appellant to provide us with a record containing everything necessary to the determination of all questions presented to us. *State ex rel. Perno v. Quinn,* 558 S.W.2d 320 (Mo.App.1977); *City of St. Clair v. Cash,* 579 S.W.2d 763 (Mo. App.1979). Without the ordinance and without the findings and the conclusions and the award of the Commission before us we lack a complete record and thus have nothing to review.

The appeal is dismissed.