**ACTON CORPORATION, d/b/a Old Vienna Snacks Company, Petitioner-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and Division of Employment Security of Missouri and Sunshine Biscuits, Inc., Respondents.**

**No. WD 31307.**

Missouri Court of Appeals, Western District.

July 8, 1980.

Richard L. Routman, of Rich, Granoff, Levy & Gee, Loeb H. Granoff, Kansas City, for petitioner-appellant.

Rick V. Morris, Chief Counsel, Susan P. Haag, Counsel, Jefferson City, for respondent, Div. of Employment Sec.

Kevin M. Hare, Jefferson City, for respondent, Labor and Indus. Relations Commission.

Dan H. Ball of Thompson & Mitchell, St. Louis, for respondent, Sunshine Biscuits, Inc.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from the denial of a tax rating pursuant to § 288.110, RSMo 1978. The judgment is reversed and remanded with directions.

Appellant presents two points of error on this appeal. While both points are set forth in summary fashion, disposition of this appeal is made upon the first, thus rendering determination of the second unnecessary. Appellant alleges that the trial court erred in upholding the order of the respondent commission. This order concluded that there was no substantial and competent evidence that appellant, in compliance with § 288.110, had substantially acquired all of the business of appellant's predecessor. Appellant also contends that the trial court

erred in its finding that respondent commission's decision was lawfully correct because procedural errors existed upon the record.

■ Review of this matter is of the record findings and order of the Labor and Industrial Relations Commission of Missouri and Division of Employment Security of Missouri, and not of the circuit court, see *Ingram v. Civil Service Commission*, 584 S.W.2d 633 (Mo.App.1979).

The question before this court is whether or not the record herein reflects substantial and competent evidence upon the whole record to establish whether appellant satisfied the requirements of § 288.110, and if so, whether appellant is entitled to the employer unemployment contribution rating of its predecessor.

The record shows the following chronology of events. During January and February of 1976, negotiations for the sale/purchase of the Old Vienna Snacks Company, by and between Sunshine Biscuits, Inc. as seller and the Acton Corporation as purchaser, took place.

(a) July 23, 1976—Sale/purchase consumated and written agreement of sale executed.[1]

(b) October 18, 1976—Report to Commission on employment experience.

(c) December 6, 1976—Report of change of ownership.

(d) March 10, 1977—Letter from Commission denying appellant status as successor employer with all rights of its predecessor, ordering appellant to compute taxes due on wages paid and notifying appellant of the right to appeal the decision.

(e) June 7, 1977—Appeal hearing held before the Appeals Referee.

(f) August 9, 1977—Order by Appeals Referee affirming decision by Deputy Administrator denying appellant predecessor status.

There followed a series of letters from representatives of appellant corporation to respondent commission which included a request for reconsideration of the ruling. The reconsideration was denied.

A petition for review was filed in the circuit court of Cole County and after several authorized delays, the circuit court took up the matter following oral argument and affirmed the action of respondent. This appeal followed. The statute in question is § 288.110, RSMo 1978. The pertinent portion of that statute reads,

"288.110. *Transfer of employer accounts—successor employer liabilities.* Any individual, type of organization or employing unit which has acquired substantially all of the business of an employer . . ."

■ The instant case does not involve the question of retention of any assets by the seller for purposes of liquidation. The instant case also shows no dispute between the parties that appellant continued, without interruption, the business of its predecessor seller and further, that employees of the predecessor continued in their employment in all respects with the successor employer, appellant herein.

The parties are in disagreement over that portion of the statute which reads, "[a]ny individual, type of organization or employing unit which has acquired substantially all of the business of an employer . . ." Appellant contends that by purchase, it not only acquired substantially all of the business of its seller-predecessor, but, in reality, has acquired all of such business. Respon-

---

1. This agreement contained the following provision:

"Section 12 *Employees and Obligations Relating Thereto*
(a) The employment of employees of the Divisional Business employed on the closing date shall not be deemed terminated at the closing date and subject to whatever changes or adjustments Buyer, in its sole discretion, may deem necessary or advisable, Buyer shall continue all such employees in the same or substantially similar positions with the same or substantially similar pay, benefits and conditions of employment as prevail on the closing date." The parties agree such provision has been honored by appellant and that portion of § 288.110 relative thereof is applicable, and compliance therewith is not disputed.

dent Commission on the other hand contends such sale consummated only a partial and not a substantial portion of the seller's business. Hence, appellant could not succeed to the employer compensation rating of its predecessor.

The sale/purchase agreement was for the sale/purchase of the Old Vienna Snacks Company. The sale was completed, and the employees continued on their job without disruption in either job performance or wages. These employees numbered 150. Prior to the date of sale, the seller was ending its participation in the snack food business, which it had been conducting under the name of Old Vienna Snacks Company. The parties (seller-purchaser) were desirous of incorporating into the sales agreement the excellent employer rating of the seller.

The snack food operation, at the time of the sale-purchase, was the only manufacturing operation of the seller in Missouri.

Upon the record, a representative of appellant was asked if he knew or had knowledge if the seller corporation continued to be engaged in business in Missouri. He responded that to the best of his knowledge, the seller only had a distribution warehouse employing two persons. Subsequent correspondence incorporated into the record reveals the correct number to be eighteen. This correspondence reflected the employment status of the predecessor/seller thirteen months after the sale.

The distribution program continued by the seller was for cookie and cracker items and not snack food. These cookie and cracker items were manufactured in Kansas City, Kansas; Columbus, Georgia and Dayton, Ohio and shipped to a warehouse in St. Louis, Missouri for distribution to the large chain supermarkets.

The evidence revealed that the Old Vienna Snacks Co. was transferred in toto to appellant under the purchase-sale agreement. It was upon the foregoing merger and disclosure of facts that the Appeals Referee declared the ruling by the Deputy Administrator to be correct.

There is no substantial and competent evidence upon this record to support the ruling by the respondent Commission. In lieu of dealing with the evidence before it, respondent declared appellant had failed to show its purchase of substantially all the business of the seller company. The only evidence before the respondent was the sale-purchase and transfer of the Old Vienna Snacks Co. and its 150 employees, as weighed against the subsequent determination that the seller continued a warehouse distribution employing some 18 workers.

This court cannot leave to speculation how the Commission derived its conclusion, if such has been made from sources other than upon this record; and on the other hand there is no competent and substantial evidence to support the finding of respondent in denial of the status sought by appellant.

The particular statutory section prior to legislative amendment in 1951 required the purchase of substantially all of the assets of a seller company. The language of the statute was then changed to provide substantially all the business.

Our courts have been called upon to resolve this issue on prior occasions, see *Union-May-Stern Company v. Industrial Commission*, 273 S.W.2d 766 (Mo.App.1954) which declared that what gives rise to successorship of or within the acquiring entity is the acquisition of a going business and the assets necessary to continue that business. In addition, see *Chief Freight Lines Co. v. Industrial Commission*, 366 S.W.2d 48 (Mo.App.1963) wherein the court declared Chief Freight Lines to be the "beneficial owner" of the business upon having acquired possession of all of its assets and the unrestricted right to manage and control the business, hiring and firing of employees paying the debts of the acquired entity and retaining all the revenues from such entity. Also in *KSD/KSD-TV, Inc. v. Labor & Indust. Rel. Comm.*, 562 S.W.2d 346 (Mo. banc 1978) our State Supreme Court construed KSD/KSD-TV to be a "successor" although the transfer occurred when the Pulitzer Publishing Company transferred a

portion of its business to a wholly owned subsidiary KSD/KSD–TV. The Supreme Court's decision gave a practical as opposed to a mechanical interpretation to the statute. The rationale was the finding of legislative intent "to make the question of successorship turn upon the actuality of a transfer of benefits and burdens of a prior business operation so that the successorship provisions of the statute as to accounts, delinquencies and rates will be applied equitably under all the circumstances of each case," see *Mascom Management, Inc. v. Labor & Indus. Rel. Comm.,* 586 S.W.2d 802, 806 (Mo.App.1979).

What occurred in the instant case was the sale of a division of the predecessor/seller company, Sunshine Biscuits Co. The evidence on the record reveals that when appellant purchased the Old Vienna Snacks Company, appellant in fact purchased the manufacturing processing of Sunshine in Missouri. What remained was a distribution center in St. Louis, which at the time of the sale, employed two persons. Later correspondence revealed as many as eighteen persons left in the employ of Sunshine and no remaining manufacturing operation existed.

As the State Supreme Court clearly pointed out in *KSD/KSD–TV, Inc. v. Labor & Indust. Rel. Comm., supra,* a practical interpretation should and will be made of § 288.110. The intent of that statute is not to fill the coffers of the Commission treasury, but to view each case in such a manner that employees of a predecessor company are afforded protection against total loss in employment and wages.

The fact that appellant, through the sale/purchase, acquired a "division" of the predecessor company, standing alone, does not constitute a partial sale as contended by respondent. The evidence reveals that at the time of the hearing, appellant's representatives answered to the best of their ability regarding the remaining operation of the predecessor company. That evidence revealed the entire manufacturing operation of the predecessor, along with every single employee (150 in number) was taken over by appellant. This same evidence revealed this left the predecessor with a distribution operation employing either two employees or eighteen, depending upon which time one cares to accept the count of those remaining employees.

■ The intent of § 288.110 is to provide employment security, inclusive of the transfer of ownership of employer companies. If such transfer insures to the employees a continued status of employment or in the alternative the current rate of taxation assessed against the employer (including the successor employer) suffices to protect the employee, then the intent and meaning of the employment security law has been carried out. The evidence in the instant case clearly shows that such occurred and the 150 employees, who on a given day were employees of Sunshine, were on the following day employees of appellant, fully employed and fully protected by the rate of taxation assessed against the predecessor/employer. There is nothing in the evidence in the instant case to justify denial of the preexisting rate of taxation to the successor/employer, appellant herein.

In the instant case, there was no substantial and competent evidence to support the finding of the respondent Commission that appellant had not acquired "substantially all the business" of its predecessor for purposes of compliance with § 288.110.

The determination of this issue is further supported by the rationale announced in *Union-May-Stern Company v. Industrial Commission; Chief Freight Lines Co. v. Industrial Commission; KSD/KSD–TV, Inc. v. Labor & Indust. Rel. Comm.,* and *Mascom Management, Inc. v. Labor & Indus. Rel. Comm., supra.* Appellant herein acquired the "on going business" of its predecessor, continued the previous employees, accepted the responsibilities and acquired the benefits of its predecessor. Appellant, as the evidence shows, acquired "substantially all the business" of its predecessor within the meaning of § 288.110.

The judgment of the circuit court is reversed and this cause is remanded to the circuit court with directions to remand said

cause to the Industrial Relations Commission with directions to enter an order that appellant is the successor to the Old Vienna Snacks Company heretofore, a division of Sunshine Biscuits, Inc. within the meaning and purpose of § 288.110.

All concur.