The CITY OF COLUMBIA, Missouri, a Municipal Corporation, Respondent,

v.

MISSOURI STATE BOARD OF MEDIATION, International Association of Firefighters Local No. 1055, Appellants.

Nos. WD 31080, WD 31099.

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

John Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for appellant, Missouri State Board of Mediation.

Charles C. Shafer, Jr., Kansas City, for appellant Local No. 1055 IAFF.

W. Scott Snyder, City Counselor, Columbia, for respondent.

Before CLARK, P. J., and DIXON, and SOMERVILLE, JJ.

CLARK, Presiding Judge.

On petition of the International Association of Firefighters, the State Board of Mediation determined after hearing that the appropriate bargaining unit for employees of the Columbia, Missouri fire department included persons holding the rank of captain as well as lieutenants, fire fighters, engineers, operators and inspectors. On petition for review filed by the City of Columbia, the circuit court reversed the decision of the board holding that substantial and competent evidence did not support the decision. The effect of the circuit court judgment was to reconstitute the bargaining unit to exclude fire captains. The union and the board appeal contending that the circuit court erred by substituting its judgment and discretion for that of the board on fact issues. Reversed.

The decision of the board included findings of fact, as follow, reached upon evidence which was essentially not in dispute. A fire captain on the Columbia force is in charge of a two–company fire house with five to seven employees. The captain is responsible to direct daily activities and training programs and will command the company firemen at the scene of a fire until a higher ranking officer arrives. Captains also handle minor disciplinary problems, prepare employee evaluation reports and maintain other records which reflect the day to day events and work at the fire house.

The board also found that captains were entitled to exercise only limited independent judgment and discretion when acting to supervise the men in their company and that captains had no effective authority in hiring, promotion, transfer or discharge of those working under them. In an area which was quite apparently subject to interpretive and inferential alternatives, indeed, the ultimate question of fact in the case, the board concluded that captains merely

reported to supervisors who made the decisions and exercised the discretion on management and policy matters. Thus, the board found captains to be of the nature of leadmen or working supervisors having a community of interest with the work force and therefore includable in the bargaining unit.

■ In labor matters involving employees of public bodies, the State Board of Mediation acts under the directive of § 105.-525, RSMo 1978. The board by this statute is empowered to resolve issues as to the appropriateness of bargaining units and majority representative status. One of the primary purposes of the statute is to provide a forum to decide if the bargaining unit proposed by the employees is acceptably constituted. *City of Kirkwood v. Missouri State Board of Mediation*, 478 S.W.2d 690, 697 (Mo.App.1972). The board must decide, in cases where the issue arises, the status of supervisory personnel and whether they are includable in the employee bargaining unit because they are employee oriented in their job function. *Golden Valley Memorial v. Missouri State Board of Mediation*, 559 S.W.2d 581 (Mo.App.1977).

■ While the statute, § 105.500, RSMo 1978, uses the word "employees" without additional specificity in describing the composition of the bargaining unit, it is apparent that all persons who work for the public body cannot be employees for bargaining purposes because someone must act for the interests of the employer. *Golden Valley Memorial v. Missouri State Board of Mediation, supra.* Thus, the board performs a fact finding function to determine if those in supervisory positions are, by the nature of their work activities, more closely identified with the labor force or with management.

■ On this appeal, we review the decision of the State Board of Mediation, not the judgment of the circuit court, *Ingram v. Civil Service Commission*, 584 S.W.2d 633 (Mo.App.1979), and do so without weighing the evidence or substituting our discretion, but to determine if the board's decision was supported by competent and substantial evidence and was not arbitrary, capricious or unreasonable. *Greene County v. Hermel, Inc.*, 511 S.W.2d 762, 768 (Mo.1974). The evidence must be considered in the light most favorable to the board's decision drawing from that evidence all reasonable inferences supportive of the decision. *Board of Education, Mt. Vernon Schools v. Shank*, 542 S.W.2d 779 (Mo. banc 1976). If the evidence before the board would warrant either of two opposed findings, the reviewing court is bound by the board's decision and it is irrelevant that there is supportive evidence for a contrary finding. *Hanebrink v. Parker*, 506 S.W.2d 455 (Mo.App.1974).

■ When examined with the guide of review standards applicable to decisions of administrative bodies, the record in this case, on the whole, supports the result reached by the State Board of Mediation. The question of classifying supervisory employees as management or labor presents inherent difficulty because any supervisor necessarily directs the work of others and may therefore be labeled as an associate of management. In this case, however, the board expressly found " * * * that the Captain does not effectively recommend the hiring, promotion, transfer or discharge of an employee, he merely reports to his superiors—orders, decisions and discretion come from the Chief or Batallion Chief." This finding of fact was an important element in reaching the ultimate conclusion as to whether captains shared a community of interest with others in the bargaining group.

The circuit court, in reversing the board, reached the opposite conclusion as to the role played by captains in employee salary increases, job promotions and transfers. In so doing, however, the circuit court passed judgment anew on the evidence and invaded the fact finding function of the board. It does not matter that either conclusion finds support in the evidence. The board's decision was based on competent and substantial evidence, it is not against the overwhelming weight of the evidence and the decision by the board therefore concludes

this fact issue in the case. Having found a community of interest among fire captains and lower ranking employees of the fire department, the board necessarily approved an employee bargaining unit which included captains. The circuit court judgment reconstituting the unit without captains was in error and must be reversed.

In defense of the result reached by the circuit court, the city argues that even if limited judicial review of the administrative decision on factual grounds precludes employing an evidentiary basis to redetermine composition of the bargaining unit, the board's decision should still be reversed because, as found by the circuit court, the decision was at variance with prior decisions by the board in cases involving similarly situated supervisory employees. This, the city contends, establishes that the decision is arbitrary and capricious and that alone supports the judgment reversing the decision.

In the presentation to the court below, the city cited two decisions by the State Board of Mediation in bargaining unit cases of fire fighters employed by the municipalities of Hazelwood and University City.[1] The thrust of the argument was that fairness and consistency required the board to treat fire captains in Columbia the same as persons who occupy the same positions in Hazelwood and University City. Disparate and incongruous results between the subject case and those cited conclusively demonstrate, according to the city, that the result here is arbitrary and capricious.

The legal basis for the city's argument is that some precedential weight attaches to the prior decisions of administrative bodies, at least to the extent that a refusal to follow a prior policy established by decisions is an indicia of arbitrary or discriminatory action. The city cites no authority for this proposition.

█ Even were it to be assumed that the decisions of the board in the *Hazelwood* and *University City* cases do announce policy or

stand for some general principle, a doubtful premise, there is no application of the doctrine of stare decisis to administrative tribunals. The mere fact that an administrative agency departs from a policy expressed in prior cases which it has decided is no ground alone for a reviewing court to reverse the decision. Courts are not concerned with alleged inconsistency between current and prior decisions of an administrative agency so long as the action taken is not otherwise arbitrary or unreasonable. 79 A.L.R.2d 1126, 1135–1137 (1961); *Mitchell v. City of Springfield*, 410 S.W.2d 585, 589 (Mo.App.1966), overruled on other grounds, *Bergman v. Board of Trustees of Firemen's Retirement System of St. Louis*, 425 S.W.2d 143 (Mo.1968).

Exemplary of the basis for the above rule are the respective contentions of the parties here. While the city points to the *Hazelwood* and *University City* cases as demonstrative of a decisional pattern to exclude fire captains from bargaining units, appellants cite other board decisions which they say evidence a different policy. The truth is that each case rests on its own facts which the administrative agency must weigh and evaluate to reach its decision. Courts are understandably constrained to interfere with the administrative decision only reluctantly and upon cognizance of the strong presumption of validity in favor of the administrative decision. *Conder v. Board of Directors of Windsor School*, 567 S.W.2d 377 (Mo.App.1978). Here, the contention that the board's action was arbitrary and capricious cannot be sustained and is found to be without merit.

The judgment of the circuit court is reversed and the case is remanded with instructions to reinstate the findings and determination of the State Board of Mediation.

All concur.

---

1. *St. Louis County Fire Fighters, et al. v. City of Hazelwood*, Public Case No. 77–014 decided November 23, 1977 and *St. Louis County Fire Fighters v. City of University City*, Public Case No. 76–018 decided July 25, 1977.