Gerald M. WEISBROD, Appellant,

v.

James J. McGAULEY, Jr., James J. McGauley, James W. Watts, Walter P. Otten, Tom E. Ryan, Clarence Hunter, Raymond Percich, Samuel D. Dodd, as Board of Trustees of the Alternative Police Retirement System of St. Louis, Missouri, Respondents.

No. 43197.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Lawrence J. Fleming, London, Greenberg, & Fleming, St. Louis, for appellant.

Eugene P. Freeman, Francis M. Oates, St. Louis, for respondent.

CRIST, Presiding Judge.

Appellant (Weisbrod) sought review in circuit court of administrative decision by respondents (Board) which denied Weisbrod's claim for accidental disability benefits. The circuit court found in favor of the Board and Weisbrod appeals. We affirm.

Weisbrod joined the Metropolitan Police Department of the City of St. Louis July 5, 1948. On January 5, 1963, Weisbrod had a foreign particle fly into his right eye while he was on duty as a police officer and while he was performing an on-duty police function. He received emergency medical treatment from the police medical division.. Because his right eye continued to bother him, Weisbrod returned to the medical division within a week of the initial incident and was referred to an eye specialist, Dr. Milster, who found an abrasion on the cornea. Weisbrod was seen by Dr. Milster two or three times per week for additional treatment of his eye until April 11, 1963. On that date, Dr. Milster found Weisbrod's vision to be 20/20 in each eye.

Dr. Milster saw Weisbrod again in August of 1963. Weisbrod was found to have histoplasmosis, a disease spread by airborne contamination in dust. As the result of his contraction of histoplasmosis, Weisbrod's vision in his right eye deteriorated to 20/200.

On this appeal, we review the decision of the Board without weighing the evidence or substituting our discretion. Instead, we ascertain if the Board's decision was supported by competent and substantial evidence and seek to insure that it was neither arbitrary, capricious nor groundless. The evidence must be considered in the light most favorable to the Board's decision, drawing from that evidence all proper inferences supportive of the decision. If the evidence before the Board would allow ei-

ther of two contrary findings, we, as the reviewing court, are constrained by the Board's decision, and it is beside the point that there is supportive evidence for a converse finding. *City of Columbia v. Mo. State Bd. of Mediation*, 605 S.W.2d 192, 194 (Mo.App.1980).

In ruling on Weisbrod's application for service connected accidental disability retirement benefits, the Board was required to apply § 86.263, RSMo. 1969, which read in pertinent part:

> Upon application by the member . . . any member *who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring* while in the actual performance of duty *at some definite time and place* through no negligence on his part . . . shall be retired by the board of trustees provided that the medical board shall certify that such member is mentally or physically incapacitated for the future performance of duty, that such incapacity is likely to be permanent and that such member should be retired . . . (Emphasis added).

The burden was upon Weisbrod to demonstrate that his disability was the result of an accident at some definite time and place in the actual performance of duty. *Chapman v. Sanders*, 528 S.W.2d 462, 465 (Mo. App.1975). The only evidence offered by Weisbrod concerning causation was a report by Dr. Milster. Dr. Milster stated Weisbrod was able to make a complete recovery from his original eye injury, but went on to speculate as to how Weisbrod could have contracted histoplasmosis:

> Histoplasmosis infections are commonly carried by rats, pigeons, vermin, etc. Exposure to this infection is quite common in slum and decadent areas where law enforcement officers must frequent. It is my medical opinion that this infection could have arisen from Officer Weisbrod's exposure to these hazards in line of duty.

This being the only offering as to Weisbrod's contraction of histoplasmosis, the Board could properly find that the event or events that caused Weisbrod's eye condition were not connected in the record to a particular time and place while he was in the performance of his police duties.

Weisbrod also asserts that the Board erred in dismissing his claim on the ground that the accident occurred more than five years before the date of application. Our finding that there was competent and substantial evidence in the record to sustain the Board's decision renders this point moot.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.