

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ST. LOUIS POLICE OFFICER'S ASSOCIATION, | ) ) ) | No. ED110948 |
| Respondent, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) | 20SL-CC00272 |
| ST. LOUIS COUNTY, | ) ) | Honorable Amanda B. McNelley |
| Appellant. | ) | Filed: April 4, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

Appellant St. Louis County (County) appeals the summary judgment granted in favor of respondent St. Louis Police Officer's Association (SLPOA) in which the trial court held (1) that the SLPOA was duly elected as the exclusive bargaining representative for the bargaining unit consisting of all investigators and non-supervisory attorneys employed in the County's prosecuting attorney's office, and (2) that the County, by failing to recognize and collectively bargain with the SLPOA, violated Article I, Section 29 of the Missouri Constitution which grants employees the right to bargain collectively through representatives of their own choosing.

The County asserts that as a result of the decision in *Mo. Nat'l Educ. Ass'n v. Mo. Dep't. of Lab. & Indus. Rels.*, 623 S.W.3d 585 (Mo. banc 2021), in which the Missouri Supreme Court struck down as unconstitutional and void *ab initio* House Bill 1413 (HB 1413), the Missouri

legislature's 2018 overhaul of the public sector labor law, the election of the SLPOA is itself void because it was not conducted by the Missouri State Board of Mediation (Board).[1] We disagree and affirm the summary judgment in favor of the SLPOA because under Missouri's long-standing public sector labor law, sections 105.500–105.530,[2] which applies to the circumstances of this case after the demise of HB 1413, there is no requirement that bargaining representative elections be conducted by the Board. Therefore, the County's refusal to recognize and bargain collectively with the SLPOA violated this bargaining unit's rights under Article I, Section 29 of the Missouri Constitution.

## Background

In October 2018, the SLPOA, a labor organization that primarily represents law enforcement personnel in the St. Louis metropolitan area, agreed to represent a proposed bargaining unit consisting of the attorneys and investigators employed in the County's prosecuting attorney's office. In an October 8, 2018, letter, the SLPOA notified the County that since over fifty percent of those employees had signed union authorization cards, the SLPOA was requesting that the County voluntarily recognize the SLPOA as the unit's exclusive bargaining representative. On November 15, 2018, after the County did not respond to its October letter, the SLPOA wrote the County stating that since it appeared the County did not intend to voluntarily recognize the SLPOA, the SLPOA proposed a secret ballot election to determine the bargaining unit's preference. The SLPOA also noted in that letter that under the

---

[1] The State Board of Mediation is a quasi-judicial board created by section 295.030 to oversee labor disputes arising between parties subject to Chapter 295 (which generally relates to "labor relations affecting public utilities"). Several other Missouri statutes have "borrowed" the Board for their purposes. *See e.g.*, section 191.640; section 208.862; section 286.005. Another of those statutes is section 105.525 which we discuss *infra*.

[2] All statutory references are to the Missouri Revised Statutes (2016) unless otherwise indicated.

newly-enacted HB 1413, it was not mandatory that the Board conduct the election because the SLPOA is a *public safety* labor organization which HB 1413 excluded from the Board's purview. The following day, the County's response stated that the "procedures for an election or voluntary recognition" of the SLPOA as the exclusive bargaining representative needed to be reviewed internally before the County could fully respond to the SLPOA's requests.

At a December 6, 2018, meeting between counsel, the parties agreed that the bargaining unit would consist of all investigators and non-supervisory attorneys (classes I, II, and III) in the prosecuting attorney's office. Also, the County advised that it would not voluntarily recognize the SLPOA as the exclusive bargaining representative, but would require an election by secret ballot. The County further advised that the Board, for its part, had rejected the County's request to conduct the election because, again, as a *public safety* labor organization, the SLPOA was exempt from the Board's election authority under HB 1413. The parties then discussed election procedures and agreed at that meeting that Richard Horn of the Federal Mediation and Conciliation Service would serve as the election judge.

On December 10, 2018, the County sent the SLPOA a document titled "Conduct of Election Procedure for the Prosecuting Attorney's Office Bargaining Unit," that further prescribed terms and conditions for the December 17, 2018, secret ballot election. In the election held on that date, an absolute majority of the fifty-four bargaining unit members voted in favor of the SLPOA.

Over the next year, the SLPOA repeatedly requested on behalf of the bargaining unit that the County meet and confer on the bargaining unit's labor conditions. The County did not respond to those requests.

On January 14, 2020, the SLPOA filed the suit at issue in this case seeking declaratory and injunctive relief.  The SLPOA sought the trial court's declaration that the County's refusal to meet and confer was a violation of Article I, Section 29 of the Missouri Constitution.  The SLPOA also requested that the court order the County to bargain in good faith with the SLPOA.  The County moved to dismiss the petition or to stay proceedings until the Missouri Supreme Court determined the constitutionality of HB 1413 in *Mo. Nat'l Educ. Ass'n*, which was before the Court at that time.  The trial court denied the County's motion.

In November 2021, the SLPOA filed a motion for summary judgment, arguing that the undisputed facts in the parties' joint stipulation of facts entitled it to the relief requested in its petition.  The County filed a cross-motion for summary judgment, asserting that the election of the SLPOA was invalid because HB 1413, "the law under which [the SLPOA] insisted the election [be held]," was declared unconstitutional in *Mo. Nat'l Educ. Ass'n*, 623 S.W.3d at 596, and therefore imposed no duty on the County to meet and confer with the SLPOA.  On February 16, 2022, the court granted summary judgment in favor of the SLPOA.  The County appeals.

## Standard of Review

Our review of summary judgment is *de novo*.  *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).  Summary judgment is appropriate when there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.  *Id.*  We are limited to the record that was before the trial court in reaching its decision; our review does not extend to the entire record.  Rule 74.04(c); *Earth City Crescent Assoc., L.P. v. LAGF Assoc.-Mo., L.L.C.*, 60 S.W.3d 44, 46 (Mo. App. E.D. 2001); *O'Donnell vs. PNK (River City), LLC*, 619 S.W.3d 162, 166 (Mo. App. E.D. 2021).  We review the record in the light most favorable to the party against whom judgment was entered.  *Id.*

4

**Discussion**

In its first point, which is dispositive of this appeal, the County asserts that the Supreme Court's decision in *Mo. Nat'l Educ. Ass'n*, 623 S.W.3d at 596, which struck down and rendered void *ab initio* HB 1413, somehow voids the election of the SLPOA as the exclusive bargaining representative of the investigators and non-supervisory attorneys in the County's prosecuting attorney's office, an election to which the County agreed. The County's argument is that with HB 1413 gone, the original public sector labor law that was left standing became applicable again and under that law, the Board should have conducted this election.

The County's argument rests on a fatally faulty premise — that the pre-HB 1413 public sector labor law mandated the Board conduct or even participate in the December 17, 2018, election from which the SLPOA emerged victorious. It simply does not. Nothing in the Missouri public sector labor law requires that the Board conduct representative elections in order to validate public employees' selection of their exclusive bargaining representative.[3]

**I. The short tenure of HB 1413**

Before the General Assembly enacted HB 1413 in 2018, Missouri's public sector labor law consisted of just four sections. Sections 105.500, 105.510, 105.525, and 105.530. HB 1413 repealed all but section 105.510 and created twenty-one new sections. Sections 105.500–105.598 (2018). In relevant part, section 105.575.5 (2018) of the new law prescribed that "elections shall be conducted by secret ballot, using such procedures as [the Board] shall

---

[3] The County also argues that it was somehow forced to agree to the election by the SLPOA's demand that it do so and by the Board's refusal to conduct the election based on HB 1413's provision that the Board had no role in elections when the bargaining unit was made up of public safety employees. While we are dubious of this assertion, we find it irrelevant to the legal issue before us – whether the SLPOA's election as the bargaining unit's exclusive representative is valid under the law applicable after the Supreme Court struck down HB 1413.

5

determine are appropriate . . ." However, section 105.503 (2018) exempted from this requirement all *public safety* labor organizations, such as those primarily representing police officers.

It was this favored treatment of *public safety* labor organizations that motivated the equal protection constitutional challenge to HB 1413 brought by non-favored unions in *Mo. Nat'l Educ. Ass'n,* 623 S.W.3d at 593. In June 2021, the Court struck down HB 1413 on those equal protection grounds. *Id.* at 596. That decision not only struck HB 1413 from the books, but the public sector labor law, sections 105.500–105.530, reverted to its pre-HB 1413 iteration. *Id.*

## II. HB 1413 — void *ab initio*

"It is the general rule that legislation which is unconstitutional is void *ab initio*." *State ex rel. Public Defender Comm'n v. County Court of Greene County*, 667 S.W.2d 409, 413 (Mo. banc 1984). "[T]o declare a statute 'void' means that it never had the authority to create any legal rights or responsibilities whatsoever." *R.E.J., Inc. v. City of Sikeston*, 142 S.W.3d 744, 746 (Mo. banc 2004). "This is true from the date of its enactment, and not merely from the date of the decision so branding it." *State ex rel. Miller v. O'Malley*, 342 Mo. 641, 117 S.W.2d 319, 324 (Mo. banc 1938).

## III. "Same as it ever was…"[4] – sections 105.500–105.530 (2016)

With HB 1413's demise, the law controlling our disposition of this appeal is the public sector labor law as it existed before the legislature's 2018 overhaul. *Lieber v. Heil*, 32 S.W.2d 792, 793 (Mo. App. 1930) (A statute declared void *ab initio* is regarded "as though it had never been in existence."). We turn therefore to our interpretation of sections 105.500–105.530 (2016).

---

[4] *See* Talking Heads, *Once in a Lifetime, on Remain in Light* (Sire Records 1980).

6

Questions of statutory interpretation are reviewed *de novo*. *Gross v. Parson*, 624 S.W.3d 877, 884 (Mo. banc 2021). And our primary goal in statutory interpretation "is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." *Id.* Accepted canons of statutory interpretation also "permit[] and often require[] an examination of the historical development of the legislation, including changes therein and related statutes." *State ex rel. Klein v. Hughes*, 351 Mo. 651, 655 (Mo. 1943).

The pre-HB 1413 public sector labor law mentions the Board in only one of its four sections. Section 105.500 *et seq.* Section 105.525 provides in part that "issues with respect to appropriateness of bargaining units and majority representative status shall be resolved by the state board of mediation." *See, e.g, Golden Valley Memorial Hospital Dist. v. Mo. State Bd. of Mediation*, 559 S.W.2d 581 (Mo. App. 1977) (appeal challenging the findings of fact and conclusions of law in the Board's order that all nurses employed by the hospital, including those with supervisory duties, were appropriately included in bargaining unit). Notably, the word "election," or any language placing public union elections under the exclusive purview of the Board, is completely absent from this section and from the other three sections as well. Section 105.500 *et seq.* Furthermore, while section 105.500 defines "exclusive bargaining representative" as an "organization which has been *designated or selected* by a majority of employees in an appropriate unit," the law does not provide a procedure for such designation, selection, or election. (Emphasis added).

As the Supreme Court noted in *Mo. Nat'l Educ. Ass'n*, the public sector labor law *before* HB 1413 was, and now, following its resurrection, continues to be, a "loose collective-bargaining framework." 623 S.W.3d at 588. Through HB 1413, the Missouri legislature sought to "transform[] the manner in which a [public] labor organization is selected and retained" and it

7

was in that connection that it required the Board to conduct secret ballot elections. *Id.* at 589. That now-defunct role the legislature sought to give the Board stands in stark contrast to the lack of any role in elections under the provisions before us.

So, under the plain and ordinary language of sections 105.500–105.530, elections are not even required to select an exclusive bargaining representative, much less elections run by the Board. Our review of the relevant caselaw supports this conclusion. In *City of Chesterfield*, the Missouri Supreme Court gave tacit approval to the selection of an exclusive bargaining representative through the execution of authorization cards by the majority of the bargaining unit. *See E. Mo. Coal. of Police v. City of Chesterfield*, 386 S.W.3d 755 (Mo. banc 2012). There, although the City declined to voluntarily recognize the police officers' union and no election was held, the Court ordered the City to meet and confer after "a majority of officers and sergeants in . . . Chesterfield signed 'representation interest cards' supporting the certification of the union as their exclusive representative for collective bargaining." *Id.* at 758. The Court held that Article I, Section 29 of the Missouri Constitution imposed a legally enforceable duty on the City to bargain collectively with the representative of the employees' choosing. *Id.* at 763. And an election is not always necessary to effectuate this duty. *Id.*

Nevertheless, public employers may, but are not required to, establish a collective bargaining framework that includes election procedures. *W. Cent. Mo. Region Lodge #50 of Fraternal Order of Police v. City of Grandview*, 460 S.W.3d 425, 436 (Mo. App. W.D. 2015). Here, the County did so by negotiating with the SLPOA and agreeing to the terms and conditions for the election as enumerated in the "Conduct of Election Procedure for the Prosecuting Attorney's Office Bargaining Unit" document. The County expressed as much in a December

11, 2018, email to the SLPOA that it was "exercis[ing] its right to establish the framework for the election."

Furthermore, we are unpersuaded by the County's reliance on *Coalition of Graduate Workers v. Curators of the University of Missouri*, 585 S.W.3d 809 (Mo. App. W.D. 2019), to support its argument that "prior to House Bill 1413, any attempt to unionize [these] employees would need to be conducted by the State Board of Mediation." Although *Coalition* states that "under the rules [promulgated by the Board], an exclusive bargaining representative may be voluntarily recognized by the employer or designated by the Board after a certification election," the regulation relied upon by the Court for this assertion was promulgated in accordance with section 295.070 and not the Missouri public sector labor law that is before us. *Id.* at 816. And there is no provision in the pre-HB 1413 public sector labor law, section 105.500 *et seq.*, that incorporates section 295.070 or its related regulations, or that authorizes the Board to promulgate regulations for the conduct of elections.[5]

It is outside of our authority to bestow on the Board authority under section 105.500 *et seq.,* that the legislature did not grant. *Bd. of Educ. of City of St. Louis v. State*, 47 S.W.3d 366, 371 (Mo. banc 2001) ("The courts cannot transcend the limits of their constitutional powers and engage in judicial legislation supplying omissions and remedying defects in matters delegated to a coordinate branch of our tripartite government"). In fact, by including an expansive role for the Board in HB 1413, the legislature appears to have addressed the Board's lack of authority under the pre-HB 1413 public sector labor law, which we recognize here.

---

[5] "[R]egulations may be promulgated only to the extent of and within the delegated authority of the statute involved." *Hearst Corp. v. Dir. of Rev.*, 779 S.W.2d 557, 558–59 (Mo. banc 1989).

Moreover, we question the *Coalition* court's reference to "specific procedures for electing an exclusive bargaining representative" in section 105.510. Section 105.510 does not provide any such procedures. Section 105.510 merely states that Missouri public employees, except for certain professions including police officers and teachers, have "the right to form and join labor organizations and to present proposals to any public body relative to salaries and other conditions of employment through the representative of their own choosing."

Simply put, the Board has not imposed specific procedures for public sector elections because it has not been granted the authority to do so by the legislature. Under the current public sector labor law, the Board plays only one role: resolving disputes raised in the context of an administrative adjudication with respect to (1) the appropriateness of bargaining units and (2) majority representative status.[6] Section 105.525.

In light of the foregoing, the selection of the SLPOA as the exclusive bargaining representative for investigators and attorneys I, II, and III in the County's prosecuting attorney's office by a secret ballot election on December 17, 2018, was entirely consistent with the pre-HB 1413 public sector labor law. Moreover, the County's refusal to recognize and bargain collectively with the SLPOA as the bargaining unit's representative violated Article I, Section 29 of the Missouri Constitution. Point I is denied.

---

[6] In this capacity, the Board is authorized to hear contested cases and "provide a forum to decide if the bargaining unit proposed by the employees is acceptably constituted," *City of Columbia v. Mo. State Bd. of Mediation*, 605 S.W.2d 192, 194 (Mo. App. W.D. 1980), or if "majority representation for the appropriate bargaining unit" has been established, *City of Kirkwood v. Missouri State Bd. of Mediation*, 478 S.W.2d 690, 699 (Mo. App. 1972). Here, the Board was not called on to act in that capacity.

## Conclusion

For the reasons stated above, we affirm the circuit court's entry of summary judgment in favor of the SLPOA.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.

11